1 RODOLFO AGUADO III, SR. ASST. CITY ATTY.
State Bar No. 310699
2 JOSEPH MCDOUGALL, CITY ATTORNEY
State Bar No. 197689
3 275 E. Olive Avenue
Burbank, CA 91502
4 Tel.: (818) 238-5707
Fax: (818) 238-5724
5 Email: RAguado@burbankca.gov
Attorneys for Defendants, CITY OF BURBANK,
6 MANUEL MALDONADO, RASHAAD COLEMAN,
NEIL GUNN, DAVID MEJIA,
7 and SAM ANDERSON

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 LURING PAIALII, | ) Case No.: 2:24-cv-08890-CAS-PVC |
| 12         Plaintiff, | ) |
| | ) Assigned to the Hon. Christina A. Snyder |
| 13       v. | ) Courtroom 8D, 8th Floor |
| 14 CITY OF BURBANK; MANUEL | ) |
| MALDONADO; RASHAAD | ) **DEFENDANTS CITY OF** |
| 15 COLEMAN; N. GUNN; D. MEJIA; S. | ) **BURBANK, MANUEL** |
| ANDERSON; and DOES 1 through 10, | ) **MALDONADO, RASHAAD** |
| 16 inclusive, | ) **COLEMAN, NEIL GUNN, DAVID** |
| | ) **MEJIA, AND SAM ANDERSON'S** |
| 17       Defendants. | ) **ANSWER TO FIRST AMENDED** |
| | ) **COMPLAINT; DEMAND FOR** |
| 18 | ) **JURY TRIAL** |
| 19 | ) |
| | ) Complaint Filed: October 15, 2024 |
| 20 | ) Trial Date: TBD |

21

22

23

24

25

26

27

28

                                    1
DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN,
NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED
COMPLAINT; DEMAND FOR JURY TRIAL

Defendants City of Burbank ("City") and Manuel Maldonado ("Maldonado"), Rashaad Coleman ("Coleman"), Neil Gunn ("Gunn"), David Mejia ("Mejia"), and Sam Anderson ("Anderson", collectively "Answering Defendants") respond to Plaintiff Luring Paialii's ("Plaintiff") First Amended Complaint ("FAC") as follows:

1.    In response to paragraph 1, admitted.

2.    In response to paragraph 2, Answering Defendants admit that the incidents, events, and occurrences that allegedly give rise to Plaintiff's action occurred in the City, which is in the territorial jurisdiction of the Central District of California and that on that basis, venue lies in this court.

3.    In response to paragraph 3, Answering Defendants admit that Coleman, Maldonado, Gunn, Mejia, and Anderson interacted with Plaintiff on September 12, 2023. Answering Defendants deny that they violated Plaintiff's rights or engaged in any unlawful conduct. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 3 and on that basis, deny the allegations of paragraph 3.

4.    In response to paragraph 4, denied.

5.    In response to paragraph 5, Answer Defendants deny that Coleman, Maldonado, Gunn, Mejia, and Anderson engaged in excessive force, violated civil rights, or that the policies and customs of the Burbank Police Department ("BDP") are unconstitutional.

6.    In response to paragraph 6, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

7.    In response to paragraph 7, Answering Defendants admit that the City is a municipal corporation existing under the laws of the State of California and is a chartered subdivision with the capacity to be sued. Answering Defendants admit that the City, through BPD, was the employer of Maldonado, Coleman, Gunn,

2

Mejia, and Anderson. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 7 and on that basis, deny the allegations of paragraph 7.

8.    In response to paragraph 8, Answering Defendants admit that Maldonado, Coleman, Gunn, Mejia, and Anderson are sworn police officers with the BPD, and at all times complained of in this action were acting under the color of state law and in the course and scope of their employment with the City. Except as herein admitted, Answering Defendants deny the remaining allegations of paragraph 8.

9.    In response to paragraph 9, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

10.    In response to paragraph 10, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

11.    In response to paragraph 11, admitted.

12.    In response to paragraph 12, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

13.    In response to paragraph 13, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

14.    In response to paragraph 14, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

15.    In response to paragraph 15, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

16.    In response to paragraph 16, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 15 of the FAC in paragraph 16, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 15 set forth herein.

17.    In response to paragraph 17, admitted.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

18.  In response to paragraph 18, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

19.  In response to paragraph 19, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

20.  In response to paragraph 20, Answering Defendants admit that on September 12, 2023, BPD received a report that an employee at 231 West Olive Avenue, Burbank, California was possibly driving under the influence. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 20 and on that basis, deny the allegations of paragraph 20.

21.  In response to paragraph 21, Answering Defendants admit that on September 12, 2023, Maldonado, Coleman, Gunn, Mejia, and Anderson responded to 231 West Olive Avenue, Burbank, California and encountered Plaintiff while he was in an office at that location. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 21 and on that basis, deny the allegations of paragraph 21.

22.  In response to paragraph 22, Answering Defendants admit that on September 12, 2023, Maldonado, Coleman, and Gunn interacted with Plaintiff as part of their investigation of an employee possibly driving under the influence. Answering Defendants admit that Maldonado and Coleman asked Plaintiff whether he had consumed any intoxicating substances that day. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 21 and on that basis, deny the allegations of paragraph 21.

23.  In response to paragraph 23, Answering Defendants admit that Plaintiff stated that he had not consumed any intoxicating substances. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 23 and on that basis, deny the allegations of paragraph 23.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

24.　　In response to paragraph 24, Answering Defendants admit that Coleman and Maldonado did not advise Plaintiff whether he was being detained or arrested for a particular offense at the time they were asking him if he had consumed any intoxicating substances. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 24 and on that basis, deny the allegations of paragraph 24.

25.　　In response to paragraph 25, Answering Defendants admit that Coleman and Maldonado did not mirandize Plaintiff at the time they were asking him if he had consumed any intoxicating substances. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 25 and on that basis, deny the allegations of paragraph 25.

26.　　In response to paragraph 26, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

27.　　In response to paragraph 27, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

28.　　In response to paragraph 28, Answering Defendants admit that Maldonado and Coleman approached Plaintiff, that Plaintiff backed into a corner, that Maldonado and Coleman ordered Plaintiff to turn around, and that Coleman drew his TASER and pointed it at Plaintiff at that time. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 28 and on that basis, deny the allegations of paragraph 28.

29.　　In response to paragraph 29, Answering Defendants admit that Coleman yelled at Plaintiff to get on the ground or that he would be "tased". Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 29 and on that basis, deny the allegations of paragraph 29.

/ /

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

30.    In response to paragraph 30, Answering Defendants admit that Maldonado pushed Plaintiff's arm, that an altercation between Plaintiff, Maldonado, Coleman, and Gunn ensued, that Coleman holstered his TASER, and that Plaintiff, Maldonado, and Gunn fell to the ground and broke a table. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 30 and on that basis, deny the allegations of paragraph 30.

31.    In response to paragraph 31, Answering Defendants admit that Plaintiff's hands were visibly empty when Plaintiff was seated and Maldonado and Coleman began questioning him. Except as herein admitted, Answering Defendants deny the allegations of paragraph 31.

32.    In response to paragraph 32, Answering Defendants admit that Maldonado grabbed Plaintiff's chin and punched Plaintiff with a closed-fist during the altercation, but that Plaintiff blocked Maldonado's punches. Answering Defendants admit that Maldonado also kneed Plaintiff's torso during the altercation. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 32 and on that basis, deny the allegations of paragraph 32.

33.    In response to paragraph 33, Answering Defendants admit that Gunn held Plaintiff down during the altercation and that Plaintiff blocked Maldonado's punches. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 33 and on that basis, deny the allegations of paragraph 33.

34.    In response to paragraph 34, Answering Defendants admit that during the altercation, Coleman deployed his TASER in Plaintiff's thigh and ordered Plaintiff to turn to his stomach. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 34 and on that basis, deny the allegations of paragraph 34.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

35.     In response to paragraph 35, Answering Defendants admit that during the altercation, Coleman deployed his TASER in Plaintiff's thigh a third time and that Maldonado and Gunn were able, at that time, to handcuff Plaintiff. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 35 and on that basis, deny the allegations of paragraph 35.

36.     In response to paragraph 36, Answering Defendants admit that Mejia assisted Maldonado and Gunn in handcuffing Plaintiff by holding Plaintiff's arm. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 36 and on that basis, deny the allegations of paragraph 36.

37.     In response to paragraph 37, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

38.     In response to paragraph 38, Answering Defendants admit that at least five other BPD officers responded to 231 West Olive Avenue, Burbank, California on September 12, 2023. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 38 and on that basis, deny the allegations of paragraph 38.

39.     In response to paragraph 39, Answering Defendants deny that Maldonado, Coleman, or Gunn stood Plaintiff up or walked him to a patrol unit. Answering Defendants admit that Plaintiff was not evaluated by a paramedic immediately before being placed in a patrol unit. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 39 and on that basis, deny the allegations of paragraph 39.

40.     In response to paragraph 40, denied.

41.     In response to paragraph 41, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

42.     In response to paragraph 42, denied.

7

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

43.    In response to paragraph 43, denied.

44.    In response to paragraph 44, denied.

45.    In response to paragraph 45, denied.

46.    In response to paragraph 46, denied.

47.    In response to paragraph 47, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

48.    In response to paragraph 48, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

49.    In response to paragraph 49, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

50.    In response to paragraph 50, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

51.    In response to paragraph 51, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

52.    In response to paragraph 52, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 51 of the FAC in paragraph 52, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 51 set forth herein.

53.    In response to paragraph 53, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 53 and on that basis, deny the allegations of paragraph 53.

54.    In response to paragraph 54, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 54 and on that basis, deny the allegations of paragraph 54.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

55.     In response to paragraph 55, Answering Defendants admit that Maldonado, Coleman, Gunn, Mejia, and Anderson were acting under the color of state law and in the course and scope of their employment with the City. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 55 and on that basis, deny the allegations of paragraph 55.

56.     In response to paragraph 56, denied.

57.     In response to paragraph 57, Answering Defendants deny that Maldonado, Coleman, Gunn, Anderson, or Mejia acted with reckless disregard for the rights or safety of Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 57 and on that basis, deny the allegations of paragraph 57.

58.     In response to paragraph 58, Answering Defendants deny that they are liable for Plaintiff's injuries. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 58 and on that basis, deny the allegations of paragraph 58.

59.     In response to paragraph 59, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

60.     In response to paragraph 60, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

61.     In response to paragraph 61, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 60 of the FAC in paragraph 61, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 60 set forth herein.

62.     In response to paragraph 62, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 62 and on that basis, deny the allegations of paragraph 62.

9

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

63.     In response to paragraph 63, Answering Defendants deny that their use of force was excessive. Answering Defendants admit that immediately prior to the altercation, Plaintiff had not harmed Answering Defendants or brandished a weapon towards Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 63 and on that basis, deny the allegations of paragraph 63.

64.     In response to paragraph 64, denied.

65.     In response to paragraph 65, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 65 and on that basis, deny the allegations of paragraph 65.

66.     In response to paragraph 66, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

67.     In response to paragraph 67, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 67 and on that basis, deny the allegations of paragraph 67.

68.     In response to paragraph 68, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 68 and on that basis, deny the allegations of paragraph 68.

69.     In response to paragraph 69, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

70.     In response to paragraph 70, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

71.     In response to paragraph 71, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 70 of the FAC in paragraph 71, Answering

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 70 set forth herein.

72.     In response to paragraph 72, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 72 and on that basis, deny the allegations of paragraph 72.

73.     In response to paragraph 73, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 73 and on that basis, deny the allegations of paragraph 73.

74.     In response to paragraph 74, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

75.     In response to paragraph 75, Answering Defendants deny that they failed to timely summon or provide medical treatment to Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 75 and on that basis, deny the allegations of paragraph 75.

76.     In response to paragraph 76, Answering Defendants deny that their conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 76 and on that basis, deny the allegations of paragraph 76.

77.     In response to paragraph 77, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

78.     In response to paragraph 78, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

79.     In response to paragraph 79, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 78 of the FAC in paragraph 79, Answering

Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 78 set forth herein.

80.     In response to paragraph 80, Answering Defendants admit that Maldonado, Coleman, Gunn, Mejia, and Anderson were acting under the color of state law and in the course and scope of their employment with the City. Answering Defendants admit that Plaintiff was detained and arrested by Answering Defendants. Answering Defendant deny that Plaintiff was detained without reasonable suspicion or arrested without probable cause. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 80 and on that basis, deny the allegations of paragraph 80.

81.     In response to paragraph 81, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

82.     In response to paragraph 82, Answering Defendants admit that Plaintiff was detained by Answering Defendants. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 82 and on that basis, deny the allegations of paragraph 82.

83.     In response to paragraph 83, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

84.     In response to paragraph 84, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 84 and on that basis, deny the allegations of paragraph 84.

85.     In response to paragraph 85, Answering Defendants deny that their conduct was oppressive, wanton, malicious, and done with conscious disregard for the rights of Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 85 and on that basis, deny the allegations of paragraph 85.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

86.    In response to paragraph 86, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 86 and on that basis, deny the allegations of paragraph 86.

87.    In response to paragraph 87, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

88.    In response to paragraph 88, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 87 of the FAC in paragraph 88, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 87 set forth herein.

89.    In response to paragraph 89, Answering Defendants admit that Maldonado, Coleman, Gunn, Mejia, and Anderson were acting under the color of state law and in the course and scope of their employment with the City at the times complained of in the FAC. Answering Defendants deny that the conduct of Maldonado, Coleman, Gunn, Mejia, and Anderson was without legal justification or was unreasonable under the circumstances. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 89 and on that basis, deny the allegations of paragraph 89.

90.    In response to paragraph 90, denied.

91.    In response to paragraph 91, denied.

92.    In response to paragraph 92, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 92 and on that basis, deny the allegations of paragraph 92.

93.    In response to paragraph 93, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

information to admit the allegations of paragraph 93 and on that basis, deny the allegations of paragraph 93.

94.    In response to paragraph 94, Answering Defendants deny that their conduct was oppressive, wanton, malicious, and done with conscious disregard for the rights of Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 94 and on that basis, deny the allegations of paragraph 94.

95.    In response to paragraph 95, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

96.    In response to paragraph 96, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 95 of the FAC in paragraph 96, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 95 set forth herein.

97.    In response to paragraph 97, admitted.

98.    In response to paragraph 98, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

99.    In response to paragraph 99, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 99 and on that basis, deny the allegations of paragraph 99.

100.    In response to paragraph 100, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

101.    In response to paragraph 101, denied.

102.    In response to paragraph 102, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 102 and on that basis, deny the allegations of paragraph 102.

14

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

103.    In response to paragraph 103, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

104.    In response to paragraph 104, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 103 of the FAC in paragraph 104, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 103 set forth herein.

105.    In response to paragraph 105, admitted.

106.    In response to paragraph 106, Answering Defendants admit that Maldonado, Coleman, Gunn, Mejia, and Anderson were acting under the color of state law and in the course and scope of their employment with the City at the times complained of in the FAC. Answering Defendants deny that the conduct of Maldonado, Coleman, Gunn, Mejia, and Anderson was committed in reckless disregard for Plaintiff's rights, was without legal justification or excuse, or was done to prevent Plaintiff from exercising his rights or in retaliation for Plaintiff exercising his rights. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 106 and on that basis, deny the allegations of paragraph 106.

107.    In response to paragraph 107, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 107 and on that basis, deny the allegations of paragraph 107.

108.    In response to paragraph 108, Answering Defendants admit on September 12, 2023, during the altercation between Plaintiff, Maldonado, Gunn, and Coleman, Maldonado punched Plaintiff and Coleman deployed his TASER on Plaintiff's thigh. Answering Defendants deny that Plaintiff did not present a threat to the officers or others. Except as herein admitted or denied, Answering

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1  Defendants lack sufficient information to admit the allegations of paragraph 108

2  and on that basis, deny the allegations of paragraph 108.

3      109.   In response to paragraph 109, denied as to Answering Defendants.

4  Except as herein admitted or denied, Answering Defendants lack sufficient

5  information to admit the allegations of paragraph 109 and on that basis, deny the

6  allegations of paragraph 109.

7      110.   In response to paragraph 110, Answering Defendants lack sufficient

8  information to admit the allegations and on that basis, deny the allegations.

9      111.   In response to paragraph 111, denied as to Answering Defendants.

10  Except as herein admitted or denied, Answering Defendants lack sufficient

11  information to admit the allegations of paragraph 111 and on that basis, deny the

12  allegations of paragraph 111.

13      112.   In response to paragraph 112, Answering Defendants deny that their

14  conduct was oppressive, wanton, malicious, and done with conscious disregard for

15  the rights of Plaintiff. Except as herein admitted or denied, Answering Defendants

16  lack sufficient information to admit the allegations of paragraph 112 and on that

17  basis, deny the allegations of paragraph 112.

18      113.   In response to paragraph 113, Answering Defendants lack sufficient

19  information to admit the allegations and on that basis, deny the allegations.

20      114.   In response to Plaintiff's Prayer for Relief against Answering

21  Defendants, Plaintiff has not stated facts sufficient to constitute any cause of action

22  against Answering Defendants and therefore Plaintiff is not entitled to any of the

23  relief requested, including general damages, litigation expenses, attorney's fees,

24  interest, or any other remedies.

25                **AFFIRMATIVE DEFENSES**

26      115.   Answering Defendants allege the following separate and distinct

27  affirmative defenses to the FAC.  These affirmative defenses are not intended to

28

16

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

be, nor should they be construed as, an admission of any fact or allegations in the FAC and/or any other action.

## FIRST AFFIRMATIVE DEFENSE

116.    Plaintiff has failed to state a claim against Answering Defendants in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978), including the existence of any supposed policy, custom, practice, or procedure that would support such a claim.

## SECOND AFFIRMATIVE DEFENSE

117.    Plaintiff has failed to state a claim against Answering Defendants under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

118.    Plaintiff has failed to state a claim for False Arrest/False Imprisonment against Answering Defendants under state law.

## FOURTH AFFIRMATIVE DEFENSE

119.    Plaintiff has failed to state a claim for Battery against Answering Defendants under state law.

## FIFTH AFFIRMATIVE DEFENSE

120.    Plaintiff has failed to state a claim for Negligence against Answering Defendants under state law.

## SIXTH AFFIRMATIVE DEFENSE

121.    Plaintiff has failed to state a claim for Violation of Bane Act against Answering Defendants under state law.

## SEVENTH AFFIRMATIVE DEFENSE

122.    Notwithstanding that Answering Defendants deny that Plaintiff was subjected to any deprivation of his constitutional rights as alleged in the FAC, it is affirmatively alleged that the actionable facts giving rise to any such allegedly improper action do not rise to the level of a constitutional deprivation.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

EIGHTH AFFIRMATIVE DEFENSE

123.    Plaintiff's causes of action, and each of them, are barred by the *Heck* doctrine.

NINTH AFFIRMATIVE DEFENSE

124.    Plaintiff has failed to allege sufficient facts to support an award of attorney's fees and costs against Answering Defendants on any basis.

TENTH AFFIRMATIVE DEFENSE

125.    The FAC is barred by the equitable doctrine of unclean hands.

ELEVENTH AFFIRMATIVE DEFENSE

126.    Plaintiff's causes of action, and each of them, are barred by the privileged and immunities applicable to public agencies and employees, including but not limited to the doctrine of qualified immunity and those set forth in California Government Code sections 815, 815.2, 815.6, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821, and 822.2.

TWELFTH AFFIRMATIVE DEFENSE

127.    Answering Defendants allege that they may rely upon any and all further defenses which become available or appear at a later time in this action and hereby specifically reserve their right to amend their Answer, as of right or with leave of Court, for the purpose of asserting additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Answering Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by his FAC;

2.    That Answering Defendants recover their costs of suit incurred herein, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

3.    For such other and further relief as the Court deems just and proper.

18

1  DATED:  December 12, 2024          Respectfully submitted,

2                                     City Attorney's Office of the City of
                                      Burbank
3

4
                                      By: _____
5                                          Rodolfo Aguado III
6                                          Senior Assistant City Attorney
                                           Attorney for Defendants
7                                          CITY OF BURBANK, MANUEL
8                                          MALDONADO, RASHAAD
                                           COLEMAN, NEIL GUNN, DAVID
9                                          MEJIA, and SAM ANDERSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                      19
28  DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN,
    NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED
    COMPLAINT; DEMAND FOR JURY TRIAL

1   **<u>DEMAND FOR JURY TRIAL</u>**

2       Defendants City of Burbank ("City") and Manuel Maldonado

3   ("Maldonado"), Rashaad Coleman ("Coleman"), Neil Gunn ("Gunn"), David

4   Mejia ("Mejia"), and Sam Anderson ("Anderson", collectively "Answering

5   Defendants") hereby request a trial by jury on all issues triable by jury, as provided

6   by Federal Rule of Civil Procedure, Rule 38(a) and (b).

7

8   DATED:  December 12, 2024          Respectfully submitted,

9                                     City Attorney's Office of the City of
                                      Burbank

10

11                                    By: _____

12                                          Rodolfo Aguado III

13                                          Senior Assistant City Attorney
                                            Attorney for Defendants

14                                          CITY OF BURBANK, MANUEL
                                            MALDONADO, RASHAAD

15                                          COLEMAN, NEIL GUNN, DAVID
                                            MEJIA, and SAM ANDERSON

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN,
NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED
COMPLAINT; DEMAND FOR JURY TRIAL

1

## <u>CERTIFICATE OF SERVICE</u>

2     I hereby certify that on this 12th day of December, 2024, my office

3 electronically transmitted the foregoing document to the Clerk's office using the

4 Court's CM/ECF System and thereby served all counsel of record in this matter.

5

6                                         By:   /s/ Rodolfo Aguado III

7                                              Rodolfo Aguado III

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, AND SAM ANDERSON'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL