LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LURING PAIALII,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BURBANK, et al., | Case No.: 2:24−cv−08890−CAS−PVC<br><br>Hon. CHRISTINA A. SNYDER<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Date: March 10, 2025<br>Time: 11:00 a.m.<br>Courtroom: 8D |

- 1 -

**(a) Complex Cases**

This is not a complex case which requires any of the procedures of the Manual For Complex Litigation.

**(b) Motion Schedule**

Plaintiffs will not be brining any dispositive or partially dispositive motions.

Defendants City of Burbank ("City"), Manuel Maldonado ("Maldonado"), Rashaad Coleman ("Coleman"), Neil Gunn ("Gunn"), David Mejia ("Mejia"), and Sam Anderson ("Anderson", collectively "Defendants") anticipate filing a Motion for Judgment on the Pleadings by March 10, 2025. Defendants may also file a Motion for Summary Judgment, or in the alternative, Partial Summary Judgment no later than 30 days after the close of all discovery consistent with Rule 56(b).

**(c) ADR**

The parties agree to the use of ADR PROCEDURE NO. 2 - The parties shall appear before a neutral selected from the Court's Mediation Panel.

**(d) Trial Estimate**

The parties anticipate 4-5 court days for trial.

**Additional Parties**

Plaintiff does not anticipate that any additional parties will be added. .

Defendants do not anticipate that any additional parties will be added.

**(e) Discovery Plan**

For when discovery should be completed, the parties submit the following proposed discovery plan.

(1) Exchange initial disclosures: March 17, 2025;

(2) Non-Expert Discovery Cut-off: January 23, 2026;

(3) Initial Expert Disclosure: February 27, 2026;

      (4) Rebuttal Expert Disclosure: March 27, 2026; and

      (5) Expert Witness Discovery Cut-off April 24, 2026

The parties do not proposed any changes in the timing, form, or requirement for disclosures under Rule 26(a), other than initial disclosures which will be exchanged on March 17, 2025.

The subjects on which discovery may be needed is on liability and damages. The parties do not propose conducting discovery in phases or limited to a particular issue.

The parties do not anticipate any issues about disclosure, discovery or preservation of electronically stored information.

The parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials.

The parties do not propose any changes to the limitations on discovery impose under these rules or by local rule.

The parties do not propose any other orders the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**Statement of the Case**

    **PER PLAINTIFFS:**

    Plaintiff LURING PAIALII is a 23-year-old young man, who worked as a delivery truck driver for an ice-cream delivery company named Jeff and Tony's located in Burbank, California. In the afternoon of September 12, 2023, Plaintiff was working his driving shift delivering ice creams to various stores in the area. The truck he drove was an older vehicle and Plaintiff noticed the truck was breaking abnormally, in hard stops. Mr. Paialii's employer received at least one phone call from an unidentified member of the public notifying them that the truck

– later identified as the truck Mr. Paialii drove – appeared to be having driving issues. The employer called Plaintiff to inquire about the status of his deliveries and the alleged driving issues. Plaintiff let his employer know that he was almost finished with his deliveries and that he was experiencing trouble with the truck's breaking. Plaintiff and his employer agreed that he should drive the truck to return to the company office. Unbeknownst to Plaintiff, his employer called 9-1-1 to report Plaintiff for "possibly driving under the influence," despite having no specific information that Mr. Paialii had consumed any substances that would impact his driving.

Plaintiff arrived back and his employer's headquarters, parked the truck, and went to the employee office to "clock out" for the day. As Plaintiff clocked out, and sat down in a chair in the office, Defendant Officers came into the employee office. The Defendant Officers grabbed Plaintiff's forearm to initiate an arrest, they also grabbed his torso and took him down to the ground. Plaintiff's hands were visibly empty, and he made no physical threats, nor did he attempt to make physical threats.

While the three officers were on top of Plaintiff, one of the officers, without warning, grabbed Plaintiff's chin with one hand and punched him in the head at least five times with a closed fist. The involved officers also kicked Plaintiff in the side torso. Another officer, without warning, also struck Plaintiff in the face or head multiple times with a closed-fist punch. Another officer held Plaintiff down on the ground and put his arm against his throat while he was on the ground.

One of the officers repositioned himself to be on top of Plaintiff's torso, pinning Plaintiff down with his bodyweight. At the same time, another officer

unholstered his taser and, without warning, deployed it into Mr. Plaintiff's thigh. The officers continued to tase Plaintiff even though he was not moving in any threatening manner and was complying with the officers' commands the as much as humanly possible, given that he was being tased, had multiple officers on top of him while pinning him down with their bodyweight, and had just been punched in the face and head multiple times.

At all relevant times, Plaintiff made no physical threats to any officer or anyone else and the involved officers could observe that Plaintiff was unarmed and had no weapons in his possession.

Plaintiffs' Complaint contains the following claims: Plaintiffs' Complaint contains the following claims: Unreasonable Search and Seizure—detention and arrest (42 U.S.C. § 1983); Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983); Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); False Arrest/Imprisonment; Battery; Negligence; and Violation of Bane Act (Cal. Civil Code § 52.1).

**PER DEFENDANTS:**

Defendants assert that Maldonado, Gunn, Coleman, and Mejia were justified in using force against Plaintiff. Defendants also assert that Anderson was justified in not preventing the use of force by the other officers because the use of force was legal. Defendants deny that they violated Plaintiff's constitutional rights in any way or that they are liable or caused any injuries or damage to Plaintiff under federal or state law. Defendants are immune from liability under federal and state law and are entitled to qualified immunity.

/ /

DATED: 03/3/2025        LAW OFFICES OF DALE K. GALIPO

                        By  /s/ Eric Valenzuela
                           Dale K. Galipo
                           Eric Valenzuela
                           Attorneys for Plaintiffs

Dated: March 3, 2025

                        By /s/ Rodolfo Aguado III

                           Attorney for Defendants
                        CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, and SAM ANDERSON