RODOLFO AGUADO III, SR. ASST. CITY ATTY.
State Bar No. 310699
JOSEPH MCDOUGALL, CITY ATTORNEY
State Bar No. 197689
275 E. Olive Avenue
Burbank, CA 91502
Tel.: (818) 238-5707
Fax: (818) 238-5724
Email: RAguado@burbankca.gov
Attorneys for Defendants, CITY OF BURBANK,
MANUEL MALDONADO, RASHAAD COLEMAN,
NEIL GUNN, DAVID MEJIA,
and SAM ANDERSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LURING PAIALII,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BURBANK; MANUEL MALDONADO; RASHAAD COLEMAN; N. GUNN; D. MEJIA; S. ANDERSON; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-08890-CAS-PVC<br><br>Assigned to the Hon. Christina A. Snyder<br>Courtroom 8D, 8th Floor<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[FILED CONCURRENTLY WITH DECLARATION OF RODOLFO AGUADO III; REQUEST FOR JUDICIAL NOTICE; PROPOSED ORDER]**<br><br>Date: May 5, 2025<br>Time: 10:00 a.m.<br>Ctrm: 8D<br><br>Complaint Filed: November 5, 2024<br>Trial Date: TBD |

1

TO THE CLERK OF THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 5, 2025, at 8:30 a.m., or as soon as thereafter as counsel may be heard, in Courtroom 8D of the above-referenced Court, Defendants City of Burbank ("City"), Manuel Maldonado ("Maldonado"), Rashaad Coleman ("Coleman"), Neil Gunn ("Gunn"), David Mejia ("Mejia"), and Sam Anderson ("Anderson", collectively "Defendants") will and do hereby move this Court, pursuant to Federal Rules of Civil Procedure Rule 12(c), for an order granting judgment as a matter of law as to Plaintiff's claims for relief on the basis that the defendants are entitled to judgment as a matter of law. Defendants move for judgment on the pleadings on the following grounds:

1. Plaintiff's Second Cause of Action for Fourth Amendment, Excessive Force (42 U.S.C. § 1983) against Maldonado, Gunn, Coleman, Mejia, and Anderson is barred because Plaintiff pled *nolo contendere* to violating California Penal Code section 69 and success in this action would necessarily imply or demonstrate that Plaintiff's conviction was invalid. *Lemos v. Cnty. of Sonoma,* 40 F.4th 1002, 1006 (9th Cir. 2022); *Heck v. Humphrey,* 512 U.S. 477 (1994).

2. Plaintiff's Fifth Cause of Action for Battery against Defendants is barred because Plaintiff pled *nolo contendere* to violating California Penal Code section 69 and success in this action would necessarily imply or demonstrate that Plaintiff's conviction was invalid.

3. Plaintiff's Sixth Cause of Action for Negligence against Defendants is barred because Plaintiff pled *nolo contendere* to violating California Penal Code section 69 and success in this action would necessarily imply or demonstrate that Plaintiff's conviction was invalid.

4. Plaintiff's Seventh Cause of Action for Violation of the Bane Act against Defendants is barred because Plaintiff pled *nolo contendere* to violating California Penal Code section 69 and success in this action would necessarily imply or demonstrate that Plaintiff's conviction was invalid.

1  This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed and served herewith, the Declaration of Rodolfo Aguado III, the Request for Judicial Notice and Exhibits attached thereto, the pleadings, documents and records on file herein, and upon such other further oral or documentary matters as may be presented at the hearing of this motion.

Pursuant to Local Rule 7-3, this Motion is made following a telephonic conference of counsel that took place on March 20, 2025 and a subsequent email of the same date. During that telephonic conference, Plaintiff's counsel agreed to dismiss the First Cause of Action for Unlawful Detention and Arrest, the Third Cause of Action for Denial of Medical Care, and the Fourth Cause of Action for False Arrest/False Imprisonment.

DATED:  April 9, 2025		Respectfully submitted,

				City Attorney's Office of the City of Burbank

				By: _____
				Rodolfo Aguado III
				Senior Assistant City Attorney
				Attorney for Defendants
				CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, and SAM ANDERSON

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1
II. FACTUAL BACKGROUND ........................................................................ 1
   A. The First Amended Complaint's Allegations. ..................................... 1
   B. Plaintiff's Criminal Case. ..................................................................... 3
   C. Meet And Confer Efforts. .................................................................... 3
III. LEGAL STANDARD .................................................................................... 4
IV. ARGUMENT ................................................................................................. 5
   A. Plaintiff's Section 1983 Excessive Force Claim And Corresponding State Law Claims Are Barred By His Conviction For Violating California Penal Code Section 69. .......................................................... 5
V. CONCLUSION .............................................................................................. 9

# TABLE OF AUTHORITIES

Cases ........................................................................................................................Page(s)

*Balistreri v. Pacifica Police Dept.*,
    901 F. 2d 696 (9th Cir. 1990) ............................................................................... 4
*Dworkin v. Hustler Magazine Inc.*,
    867 F. 2d 1188 (9th Cir. 1989) ............................................................................. 4
*Heck v. Humphrey*,
    512 U.S. 477 (1994) ............................................................................................. 5
*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ................................................................................ 4
*Lemos v. Cnty. of Sonoma*,
    40 F.4th 1002 (9th Cir. 2022) ............................................................................... 7
*Martell v. Cole*,
    115 F.4th 1233 (9th Cir. 2024) ............................................................................. 6
*Ove v. Gwinn*,
    264 F.3d 817 (9th Cir. 2001) ................................................................................ 4
*People v. Wilkins*,
    14 Cal. App. 4th 761 (1993) ............................................................................. 5, 7
*Scott v. Lindsey,*
    132 F.3d 40 (9th Cir. 1997) .............................................................................. 5, 7
*Smith v. City of Hemet*,
    394 F.3d 689 (9th Cir. 2005) ................................................................................ 7
*Smithart v. Towery*,
    79 F.3d 951 (9th Cir. 1996) .............................................................................. 5, 8
*Yount v. City of Sacramento*,
    43 Cal. 4th 885 (2008) .......................................................................................... 8

Statutes

California Code of Civil Procedure section 52.1....................................................... 1
California Penal Code section 69 ......................................................................passim
California Penal Code section 69(a).......................................................................... 5

Rules

Rule 12(b) .................................................................................................................. 4
Rule 12(b)(6) ............................................................................................................. 4
Rule 12(c) .................................................................................................................. 4

## I. INTRODUCTION

This lawsuit stems from Plaintiff's September 12, 2023 arrest by Burbank Police Department ("BPD") officers, including Maldonado, Gunn, Coleman, Mejia, and Anderson (collectively, the "Individual Defendants"). After his arrest, Plaintiff pled *nolo contendere* to a violation of California Penal Code section 69 which prohibits the use of threats or violence to deter or prevent police officers from performing their duties. Based on his plea, Plaintiff was convicted.

In this lawsuit, Plaintiff alleges that the Individual Defendants violated his constitutional rights by unlawfully detaining and arresting him, using excessive force against him while arresting him, and denying him medical care after his arrest. Plaintiff also alleges that Defendants falsely arrested and imprisoned him, battered him, were negligent and caused him injuries during his arrest, and violated California Code of Civil Procedure section 52.1 (the "Bane Act") by arresting him. However, Plaintiff's *nolo contendere* plea and subsequent conviction are proof that the Individual Defendants' conduct was lawful, and Plaintiff's success in this case would necessarily invalidate that conviction.

Accordingly, Defendants move for judgment on the pleadings on the grounds that Plaintiff's claims are barred by application of the *Heck* doctrine

## II. FACTUAL BACKGROUND

**A.  The First Amended Complaint's Allegations.**

On September 12, 2023, Plaintiff was working as an ice cream delivery driver. Dkt. No. 11 (First Amended Complaint ("FAC")) at ¶ 18. Plaintiff's employer received a report that Plaintiff appeared to be having driving issues. *Id.* at ¶ 19. Plaintiff's employer called Plaintiff to inquire about the alleged driving issues and Plaintiff informed his employer that he was having difficulty with the truck braking. *Id.* at ¶ 19. Plaintiff and his employer agreed that Plaintiff should return to the company office. *Id.* at ¶ 20. At some point, Plaintiff's employer called 911 to report that Plaintiff was possibly driving under the influence. *Id.* at ¶ 20.

1

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]; MEMORANDUM OF POINTS AND AUTHORITIES

After Plaintiff returned to the company office and clocked out, Maldonado, Gunn, and Coleman approached Plaintiff and informed him that they were investigating a report that he was driving under the influence. *Id.* at ¶¶ 21-22. Anderson was just outside of the office where Plaintiff, Maldonado, Gunn, and Coleman were. *Id.* at ¶ 21. Maldonado, Gunn, and Coleman asked Plaintiff if he had consumed any drugs or alcohol. *Id.* at ¶ 22. Plaintiff told the officers that he had not consumed any drugs or alcohol and that he had experienced difficulty with the truck braking *Id.* at ¶ 23.

The officers did not tell Plaintiff he was being arrested or detained for any offense. *Id.* at ¶ 24. The officers continued questioning Plaintiff, but had not read him his Miranda rights, even though they were blocking the exit to the office he was in. *Id.* at ¶ 25. When Plaintiff attempted to leave the office, the officers would not let him. *Id.* at ¶ 27.

Maldonado and Gunn began to corner Plaintiff and told him to turn around and get on the ground. *Id.* at ¶ 28. At the same time, Coleman drew his Taser and told Plaintiff to get on the ground or he would get tased. *Id.* at ¶ 29. Maldonado grabbed Plaintiff's arm to arrest him. *Id.* at ¶ 30. Coleman holstered his taser and he and Gunn grabbed Plaintiff's torso and took him to the ground. *Id.* at ¶ 30. Plaintiff's hands were empty and he alleges that he did not physically threaten the officers, make physical threats to the officers, or pose a risk of harm to Defendants or anyone else. *Id.* at ¶¶ 31 and 43-47.

While Plaintiff and the officers were struggling, Maldonado punched Plaintiff in the head and kicked him in the torso. *Id.* at ¶ 32. Coleman also punched Plaintiff in the face or head. *Id.* at ¶ 33. At the same time, Gunn held Plaintiff down and held his arm against Plaintiff's throat. *Id.* at ¶ 33. As the struggle continued, Coleman unholstered his Taser and deployed it into Plaintiff's thigh. *Id.* at ¶ 34. Coleman ordered Plaintiff to turn to his stomach. *Id.* at ¶ 34. Coleman tased Plaintiff two more times before Maldonado and Gunn were finally able to roll Plaintiff to his side and handcuff him. *Id.* at ¶ 35.

Mejia entered the office and assisted Maldonado, Gunn, and Coleman by holding Plaintiff's arms and torso while the other officers handcuffed him. *Id.* at ¶ 36. Anderson was aware of the other officers' actions, but did not intervene. *Id.* at ¶ 37.

Maldonado continued to force Plaintiff hand to be bent even though Plaintiff was already handcuffed. *Id.* at ¶ 38. Maldonado, Coleman, Gunn, and Mejia put Plaintiff into a patrol unit without having a paramedic or EMT check him. *Id.* at ¶ 39. The officers failed to timely summon medical care for Plaintiff. *Id.* at ¶ 40.

Plaintiff alleges that the officers did not have reasonable suspicion to detain him or probable cause arrest him. *Id.* at ¶ 55.

**B.    Plaintiff's Criminal Case.**

On September 14, 2023, the Los Angeles County District Attorney's Office filed a Felony Complaint against Plaintiff. Request for Judicial Notice ("RJN"), Ex. 1 at p. 1. In the Felony Complaint, Plaintiff was charged with three counts for violation of Penal Code section 69. *Id.* at p. 1-2. The First Count related to Plaintiff's threats and violence against Maldonado, the Second Count related to Plaintiff's threats and violence against Coleman, and the Third Count related to Plaintiff's threats and violence against Gunn. *Id.* at p. 1-2.

On February 7, 2024, in open court and in the presence of criminal defense counsel, Plaintiff pled *nolo contendere* to the First Count. RJN, Ex. 2. On the same date, Plaintiff signed a four-page document entitled "Misdemeanor Advisement of Rights, Waiver, and Plea Form," which freely acknowledges that his plea of no contest had exactly the same effect as a guilty plea. RJN, Ex. 3.

**C.    Meet And Confer Efforts.**

On February 10, 2025, the parties met and conferred telephonically regarding Plaintiff's criminal plea and whether Plaintiff's claims in this lawsuit were precluded by the *Heck* doctrine. Declaration of Rodolfo Aguado III in Support of Motion for Judgment on the Pleadings ("Aguado Decl.") at ¶ 2.

3
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]; MEMORANDUM OF POINTS AND AUTHORITIES

On March 20, 2025, the parties met and conferred telephonically and further discussed whether Plaintiff's claims in this lawsuit were precluded by the *Heck* doctrine. *Id*. at ¶ 3. Plaintiff's counsel agreed to dismiss Plaintiff's First, Third, and Fourth Causes of Action, but the parties were unable to reach an agreement regarding Plaintiff's remaining claims. *Id*. at ¶ 3.

### III.   LEGAL STANDARD

Defendants' Motion for Judgment on the Pleadings is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the basis that the FAC fails to state a claim.  "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine Inc.*, 867 F. 2d 1188, 1192 (9th Cir. 1989).

The analogous Rule 12(b)(6) provides that an action will be dismissed for failure to state a claim upon which relief may be granted.  "…[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) Moreover, dismissal is proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990).

When analyzing a challenge to the pleadings, a court may consider materials submitted as part of a complaint and may take judicial notice of matters of public record without converting the motion to a summary judgment motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

/ /

## IV. ARGUMENT

**A. Plaintiff's Section 1983 Excessive Force Claim And Corresponding State Law Claims Are Barred By His Conviction For Violating California Penal Code Section 69.**

Plaintiff's causes of action for Excessive Force, Battery, Negligence, and Violation of the Bane Act are barred by the *Heck* doctrine because Plaintiff's success on those causes of action would necessarily call into question his conviction for violation of Penal Code section 69. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a plaintiff brings suit for a harm that would render a criminal conviction or sentence invalid, the claim must be dismissed if a civil judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87. The Ninth Circuit has interpreted *Heck* as meaning that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996).

This is especially pertinent to a conviction for violation of California Penal Code section 69, where an element of the crime is that an officer must have been acting lawfully at the time they were subject to threats of violence or violence. California Penal Code section 69(a) ("Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law… is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment…."); *People v. Wilkins*, 14 Cal. App. 4th 761, 776 (1993) (hereinafter "*Wilkins*") ("…[V]iolation of section 69 [] requires as an element that the officer at the time of the offense be engaged in the lawful performance of his duties.[7] This means, where the offense is committed upon an officer effecting an arrest, the arrest must have been lawful."); *see Scott v. Lindsey,* 132 F.3d 40 (9th Cir. 1997) (holding that *Heck* doctrine applied because

5

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]; MEMORANDUM OF POINTS AND AUTHORITIES

an element of the Plaintiff's conviction for violation of Penal Code section 69 was that the officers were engaged in the lawful performance of their duties) (footnote omitted).

The *Heck* doctrine has been refined in recent years to only apply "to the particular act or acts for which the plaintiff may have been convicted." *Martell v. Cole*, 115 F.4th 1233, 1237 (9th Cir. 2024). In other words, if the alleged acts of excessive force occurred separately from the acts that formed the basis of a criminal conviction, a section 1983 may not necessarily imply the invalidity of the conviction. *Ibid*. In *Martell,* the Ninth Circuit considered whether a plaintiff's conviction for resisting or obstructing a peace officer under Penal Code section 148(a)(1) precluded an excessive force claim under section 1983. *Id*. at 1236. The Ninth Circuit explained that it was required to look at the particular acts for which the plaintiff had been convicted in order to determine if the conviction precluded the section 1983 claim. *Id*. at 1237. For example, the court considered the following acts by the plaintiff to be separate acts of resistance: 1) kneeling rather than laying prone when ordered to "get on the ground," 2) failing to roll onto his side when ordered to, and 3) refusing to sit up and bring his knees to his chest when ordered to. *Ibid.* The court pointed out that the enumerated acts of resistance "were not resistance to or obstruction of the use of force [he] claim[ed] was unlawful[,]" and to the extent that Plaintiff's conviction was based on any of those other acts, it would not be invalidated by his section 1983 claim. *Id*. at 1238.

The analysis undertaken by the Ninth Circuit in *Martell* cannot be replicated in this lawsuit for a few reasons.  First, the conduct that formed the basis for Plaintiff's conviction is more specific that conduct analyzed in *Martell*. That is to say, while the plaintiff in *Martell* was charged for unspecified resistance or obstruction under Penal Code section 148(a), here Plaintiff pled guilty to resisting by way of "threats and violence… [and] the use of force and violence[,]" under Penal Code section 69. RJN, Ex. 1. There is no ambiguity as to what conduct

6
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]; MEMORANDUM OF POINTS AND AUTHORITIES

supported Plaintiff's conviction, so there is no need to separate out Plaintiff's acts of resistance that supported the conviction.

     Second, Plaintiff's violent conduct was directly related to Defendants' use of force that he now claims was unlawful, so permitting Plaintiff's claims to proceed would necessarily invalidate his conviction. Plaintiff alleges that Maldonado's unlawful conduct that constituted excessive force, illegal battery, negligence, and a violation of the Bane Act all stemmed from the altercation between Plaintiff and Maldonado, Gunn, and Coleman that occurred when the officers attempted to arrest Plaintiff. Dkt. No. 11 at ¶¶ 62 (alleging that Maldonado used excessive force when he was "beating" Plaintiff), 89 (alleging Maldonado battered Plaintiff when he attacked him), 99 (alleging Maldonado was negligent in failing to use appropriate force and tactics against Plaintiff), and 106 (alleging that Maldonado's use of force violated the Bane Act). That altercation began when Maldonado grabbed Plaintiff's arm and concluded when Maldonado and the other officers were able to handcuff Plaintiff, stand him up, and walk him to a patrol car. *Id*. at ¶¶ 30-39. Plaintiff insists that prior to the altercation, his hand were empty, he was unarmed, and he did not make any physical threats or pose any risk of harm to Defendants or anyone else. *Id.* at ¶¶ 31 and 43-47. As such, by Plaintiff's own allegations, the only violent conduct that could have supported Plaintiff's conviction for violation of Penal Code section 69 was his conduct during the altercation with Maldonado, Gunn, and Coleman, as the officers struggled to arrest Plaintiff.

     By virtue of Plaintiff's conviction, Maldonado's conduct at the time that he was arresting Plaintiff was lawful, so Plaintiff cannot succeed on his excessive force claim without invalidating his criminal conviction. RJN, Ex. 2; *see Wilkins, supra*, 14 Cal. App. 4th at 776; *see Scott, supra,* 132 F.3d 40. Had Maldonado used excessive force, his arrest of Plaintiff would have been unlawful, and Plaintiff could not have been convicted. *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005), *disapproved of by Lemos v. Cnty. of Sonoma*, 40 F.4th 1002 (9th Cir. 2022).

As such, Plaintiff's section 1983 claim must be dismissed under the *Heck* doctrine. The California Supreme Court has applied the *Heck* doctrine to claims brought under California law as well. *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008) ("[W]e cannot think of a reason to distinguish between section 1983 and a state tort claim arising from the same alleged misconduct…."). Consequently, Plaintiff's state law claims against Maldonado should also be dismissed.

   Defendants anticipate that Plaintiff may argue that he was not convicted based on his conduct towards the other defendants and that his claims against the other defendants cannot be precluded by the *Heck* doctrine. However, Plaintiff's own allegations undermine that argument because Plaintiff alleges that Maldonado, Gunn, Coleman, and Mejia acted simultaneously and worked in concert to subdue Plaintiff and arrest him. Dkt. No. 11 at ¶¶ 30 ("Maldonado grabbed [Plaintiff's] forearm… [a]t the same time, Coleman holstered his taser, and Coleman and Gunn also grabbed [Plaintiff's] torso…"), 32 (alleging that all three officers were on top of Plaintiff and struggled to arrest him), 33 (describing simultaneous efforts by Maldonado, Gunn, and Coleman to subdue Plaintiff), 34 ("Maldonado repositioned himself to be on top of [Plaintiff]… [a]t the same time, Coleman unholstered his taser and, without warning, deployed it…"), 35 ("Coleman then tased [Plaintiff] a third time… [and] Maldonado and Gunn rolled [Plaintiff] onto his side and began to handcuff him…"), 36 (Mejia entered the office and effected [Plaintiff's] arrest with Maldonado, Gunn, and Coleman…"), 38, and 39 ("Maldonado, Coleman, Gunn, Mejia and Does 1-7 stood [Plaintiff] up, walked him outside, and put him in the patrol unit…"). It would be absurd and unjust to permit Plaintiff's claims against the other officers to proceed given that those officers assisted Maldonado as he lawfully subdued and arrested Plaintiff.

   Although Plaintiff's claims against the other officers may not directly invalidate his conviction, his conviction is "fundamentally inconsistent" with his section 1983 and related state claims against the other officers. *See Smithart*, *supra*, 79 F.3d at 952. Similarly, it would be absurd to permit Plaintiff's claims

against Anderson to proceed when Anderson did no more than witness Maldonado lawfully subdue and arrest Plaintiff. *Id*. at ¶ 37.

### V. CONCLUSION

Based on the foregoing, Defendants City of Burbank, Manuel Maldonado, Rashaad Coleman, Neil Gunn, David Mejia, and Sam Anderson respectfully request that the Court dismiss Plaintiff's Second, Fifth, Sixth, and Seventh Causes of Action as to Defendants.

DATED: March 24, 2025

Respectfully submitted,
City Attorney's Office of the City of Burbank

By: _____
Rodolfo Aguado III
Senior Assistant City Attorney
Attorney for Defendants
CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, and SAM ANDERSON

9

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]; MEMORANDUM OF POINTS AND AUTHORITIES

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2025, my office electronically transmitted the foregoing document to the Clerk's office using the Court's CM/ECF System and thereby served all counsel of record in this matter.

By: */s/ Rodolfo Aguado III*
Rodolfo Aguado III

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]; MEMORANDUM OF POINTS AND AUTHORITIES