LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Ca. Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Ca. Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| LURING PAIALII,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF BURBANK, et al.,<br><br>            Defendants. | Case No. 2:24-cv-08890-CAS-PVC<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(C)]** |
| --- | --- |

## I.    INTROODUCTION

On September 12, 2023, the involved Defendant deputies grabbed Luring Paialii's ("Plaintiff") arms and torso, after which the deputies forcibly took him down to the ground, breaking a table in the office in the process.  Plaintiff's First Amended Complaint [Doc. # 11] ("FAC") at ¶ 30.  While Plaintiff was on the ground and being held down by the involved deputies, they then began to punch Plaintiff several times, including in the face and head, and also tased Plaintiff multiple times.  See FAC at ¶¶ 32-35.

After being arrested, Plaintiff ultimately pled *nolo contendere* to California Penal Code section 69 ("PC 69"), which prohibits the use of threats or violence to deter or prevent police officers from performing their duties.  See Def.s' Mot. at 6:4-7.  Plaintiff's plea was for a misdemeanor violation and not a felony.

Plaintiff hereby voluntarily dismisses and disavows any force used against him by the involved deputies prior to forcefully being taken down to the ground.  Importantly, there is a factual basis for the civil suit, which is separate and apart from the factual basis for the PC 69 plea.  Plaintiff's plea for violation of PC 69 does not specify what the factual basis for the plea is.  Instead, the plea agreement simply indicates that there is a factual basis for the plea.  Here, there is a sufficient factual basis for the plea when Plaintiff was standing and prior to being tackled down to the ground.

This incident was captured by various body cameras worn by the involved deputies and by a surveillance video.  The body camera footage captures Plaintiff verbally threatening the involved deputies while they are trying to detain him, including threating to slap the officers if they touch him.  The reports written by the involved deputies also allege that Plaintiff verbally threatened them prior to being forcefully taken down to the ground.  This verbal threat by itself is sufficient to satisfy the requisite threat element of PC 69.  The video footage also captures Plaintiff advancing towards one of the deputies and getting in the deputy's face while yelling at

the deputy to not touch him.  The videos also show the deputies grabbing onto Plaintiff's arms and torso and engage in a physical struggle with Plaintiff, prior to tackling Plaintiff down to the ground.  The involved deputies also allege that they found Plaintiff's actions of advancing towards the deputy, getting in his face and yelling at him and then physically resisting and struggling with the deputies while they were attempting to detain Plaintiff, to be threating conduct.  Accordingly, Plaintiff's conduct prior to being forcefully taken down to the ground is sufficient to satisfy all the requisite elements of PC 69 and to form the factual basis of the plea.

Here, the factual basis for Plaintiff's civil suit will be based on the involved deputies forcefully taking Plaintiff down to the ground, repeatedly punching Plaintiff and tasing him multiple times, all while he was down on the ground.  The factual basis for Plaintiff's civil suit will not include any of the force used against Plaintiff prior to being tackled down to the ground and Plaintiff will voluntarily dismiss and disavow any claims for force used against him prior to being forcefully taken down to the ground.  Therefore, the factual basis for civil suit will be separate and apart from the factual basis for the PC 69 plea and success in Plaintiff's civil suit would not "necessarily imply the invalidity of his conviction ."  See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Accordingly, Defendants' Motion should be denied in its entirety. In the alternative, if the Court finds Plaintiff's Complaint to be improperly plead, Plaintiff requests to amend the Complaint to clarify that the factual basis for PC 69 plea is separate and apart from the factual basis for the claims in the Complaint.

## II.    LEGAL STANDARD

A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b) motion to dismiss; the only major difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial."  *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106–07 (C.D. Cal. 2008) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  In ruling on a Rule 12(c) motion, a court must assume the

allegations in the challenged complaint are true and must construe the complaint in the light most favorable to the non-moving party.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Additionally, the non-moving party's denials of Plaintiffs' allegations are assumed to be false, and all inferences reasonably drawn from Plaintiffs' facts must be construed in favor of the responding party.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  A motion for judgment on the pleadings is only "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."  *Nelson* v. *City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998); *Hal Roach Studios*, 896 F.2d at 1550.  Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo* v. *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Under *Heck*, a section 1983 action may not proceed if its success would "necessarily require the plaintiff to prove the unlawfulness of his conviction."  *Heck*, 512 U.S. at 486.  *Heck* requires the Court to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence".  *Id*. at 487.  If "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.  *Id*.  The Supreme Court has emphasized that it was careful in *Heck* to stress the importance of the term "necessarily".  *Nelson v. Campbell*, 541 U.S. 637, 647 (2004) (quoting *Heck*, 512 U.S. at 487 n.7). "To hold otherwise," the Court has explained, "would have cut off potentially valid damages actions as to which a plaintiff might never obtain favorable termination—suits that could otherwise have gone forward had the plaintiff not been convicted."  *Id*.

To decide whether success on a section 1983 claim would necessarily imply the invalidity of a conviction, the Court must determine which acts formed the basis

for the conviction. When the conviction is based on a guilty plea, the Court looks at the record to see which acts formed the basis for the plea.  See *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022), citing *Smith v. City of Hemet*, 394 F.3d 689, 696–97 (9th Cir. 2005) (en banc) and *Sanford v. Motts*, 258 F.3d 1117, 1119–20 (9th Cir. 2001).  A § 1983 action is barred only if "success in the action would undermine" the factual basis of the guilty plea "in a way that 'would necessarily imply or demonstrate' that the plaintiff's earlier conviction was invalid." *Martell v. Cole*, 115 F.4th 1233, 1236 (9th Cir. 2024) (quoting *Smith*, 394 F.3d at 699).

An officer's subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of the criminal defendant's attempt to resist it.  *Yount v. City of Sacramento*, 43 Cal.4th 885, 787 (2008)(internal citations and quotations omitted).  Even though the civil action and the criminal conviction both arose from one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.  *Id*.  An excessive force claim may proceed after a resisting conviction when the resistance and the allegedly unlawful use of force occur "in a single continuous chain of events lasting a very brief time.  *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1131 (9th Cir. 2011).  A conviction for resisting arrest is valid if at some time during a continuous transaction an individual resisted an officer when the officer was acting lawfully and it does not matter that the officer might also, at some other time during the same continuous transaction, have acted unlawfully.  *Hooper*, 629 F.3d at 1132; see also *Martell v. Cole*, 115 F.4th 1233, 1236-37 (9th Cir. 2024).

*Heck* does not bar a § 1983 action following a resisting arrest conviction unless the factual basis for the conviction was resistance to the particular use of force the plaintiff alleges was excessive. When the factual predicate of the conviction is not clear from the record and the conviction could have been based on

an act of resistance different from the plaintiff's conduct during the allegedly
unlawful use of force, a judgment in the plaintiff's favor in the § 1983 action would
not necessarily imply the invalidity of the conviction. *Martell*, 115 F.4ᵗʰ at 1240-41.

## II.    ARGUMENT

### A.   Defendants' Motion is untimely and was filed without seeking leave of Court.

In support of their Motion, the defense requested that the Court take judicial
notice [Doc. 40] of the related criminal complaint against Plaintiff [Doc. 40-1], the
related criminal case minute order [Doc. 41-2] and the misdemeanor advisement of
rights, waiver and plea form [Doc. 41-3].  The criminal complaint does not contain
or make reference to any factual basis regarding to the charges.  With regards to the
minute order, it simply states that "[t]he Court finds there is a factual basis for the
Defendants' plea".  See Minute Order [Doc. 41-2] at 2.  The plea form has similar
language and only states "that there is a factual basis for the plea[]", without
specifying what that factual basis is.  See Plea Form [Doc. 40-3] at 4.

In order to decide whether success on Plaintiff's section 1983 claim would
necessarily imply the invalidity of his conviction, the Court must determine which
acts formed the basis for the conviction. When the conviction is based on a guilty
plea, like we have here, the Court looks at the record to see which acts formed the
basis for the plea.  *Lemos,* 40 F.4ᵗʰ at 1006, *Sanford,* 258 F.3d at 1119–20.  Further,
Plaintiff's § 1983 action is barred only if success in the action would undermine the
factual basis of the guilty plea in a way that would necessarily imply or demonstrate
that the plaintiff's earlier conviction was invalid. *Martell,*115 F.4th 1236[1]; see also
*Kyles v. Baker*, 72 F. Supp. 3d 1021, 1037 (N.D. Cal. 2014).

---

[1] Section 148(a)(1) is a misdemeanor offense which penalizes any person who "willfully
resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician .
. . in the discharge or attempt to discharge any duty of his or her office or employment" (Cal.
(footnote continued)

Part of the record for Plaintiff's criminal case would include the videos of the incident and the involved officers' reports.  The officers' body cam videos capture the Plaintiff verbally threaten to slap the involved officers if they touch him, while the officers are attempting to detain the Plaintiff.  The videos also appear to show Plaintiff physically resisting when the officers initially grab the plaintiff and the involved officers allege that they were threatened by this physical resistance during the initial struggle.

Here, since the plea agreement does not specify what the factual basis for it was, success on Plaintiff's § 1983 would not necessarily invalid his conviction.  This is especially true since there is a factual basis which would satisfy all elements of PC 69, during the initial encounter when Plaintiff was still standing, and prior to being tackled and forcefully taken down to the ground, where he was tased and punched multiple times.  Moreover, Plaintiff is voluntarily dismissing and is disavowing any use of force against him prior to being forcefully taken down and tackled to the ground.  See *Lemos*, 40 F.4th at 1007 (finding that Plaintiff disavowed any claim based on force used by the officer earlier in the encounter and that the officer used excessive force when he later tackled her, so if Plaintiff were to prevail in her civil action, it would not necessarily mean that her conviction was invalid and would not be barred by *Heck*).  In *Lemos*, the Ninth Circuit held that if an officer is acting lawfully and the defendant resists him, the defendant has violated the law and "[w]hatever might happen later, it cannot undo the violation" and that '[t]he use of

---

Penal Code § 148(a)(1). Section 69, under which Plaintiff was convicted, is a felony offense which penalizes any person who "who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty." *Id.* § 69. "This difference [should] not impact the Court's analysis" here.  *Heltsley v. Harris*, No. C 06-2626 CW, 2007 WL 1624461, at *5 n.1 (N.D. Cal. June 4, 2007).

Case No. CV 2017-3200-PHX-GMS

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

1    excessive force after the completed [resisting] violation would not invalidate the

2    completed [resisting] violation"'. *Id*. at 1008.

3      The Ninth Circuit has held that a resisting arrest conviction is valid if at some

4    time during a continuous transaction an individual resisted an officer when the

5    officer was acting lawfully and that it "does not matter that the officer might also, at

6    some other time during the same 'continuous transaction' have acted unlawfully."

7    See *Hooper v. County of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011) see also

8    *Sanders v. City of Pittsburg*, 14 F.4th 968, 971 (9th Cir. 2021) (same).  The Court in

9    *Hooper* held that a § 1983 suit is not barred by *Heck* even when the allegedly

10    excessive force and the obstructive act that is the basis of the plaintiff's conviction

11    occur "in a single continuous chain of events lasting a very brief time."  *Hooper*,

12    629 F.3d at 1129, 1131.  Here, just as in the *Hooper* case, it is Plaintiff's position

13    that the involved officers used excessive force only after the conduct giving rise to

14    Plaintiff's section 69 conviction was completed, and thus plaintiff's civil 1983 claim

15    does not necessarily imply the invalidity of Plaintiff's section 69 conviction.  *Id*. at

16    1133 (holding that Plaintiff's subsequent 1983 claim was not *Heck* barred because a

17    holding in the § 1983 case that the use of force was excessive would not negate the

18    lawfulness of the initial arrest attempt or negate the unlawfulness of Plaintiff's

19    attempt to resist it).

20      Here, there is an "independent sufficient bases for [Plaintiff's] guilty plea" so

21    the civil action "would be unaffected by a finding that the [officers] used excessive

22    determin[e] the lawfulness of [the involved officers'] actions throughout the whole

23    course of [Plaintiff's] conduct." See *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038,

24    1045 (9th Cir. 2012).  To the extent that Defendants argue that this incident was one

25    continuous transaction or that the incident occurred in a short amount of time, the

26    "*Heck* analysis [is not] depended on the precise amount of time or space between the

27    act of [resisting] for which the plaintiff was convicted and the use of force the

28    plaintiff challenged was excessive." See *Martell*, 115 F.4th at 1238, citing *Lemos*,

-7-

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

40 F.4[th] at 1007.  "[T]his principle holds true regardless of the number of seconds or minutes between the plaintiff's act of resistance or obstruction and the officer's allegedly unlawful use of force."  *Martell*, 115 F.4[th] at 1238.  Since the factual predicate of the conviction is not clear from the record and the conviction could have been based on an act of resistance different from the Plaintiff's conduct during the allegedly unlawful use of force, a judgment in the Plaintiff's favor in the civil action would not necessarily imply the invalidity of the conviction.

## III.   CONCLUSION

Based on the foregoing, Defendants Motion should be denied in its entirety. In the alternative, since Plaintiff is voluntarily dismissing and disavowing any force used against him prior to being tackled and forcefully taken down to the ground, Plaintiff believes that the Complaint is sufficiently pled.  However, if the Court finds that Plaintiff's Complaint is deficiently plead, Plaintiff seeks leave to amend the complaint and cure any deficiencies.

Respectfully submitted,

DATED: April 18, 2025          THE LAW OFFICES OF DALE K. GALIPO

                               By:    /s/ Eric Valenzuela
                                      Eric Valenzuela
                                      Attorneys for Plaintiffs