RODOLFO AGUADO III, SR. ASST. CITY ATTY.
State Bar No. 310699
JOSEPH MCDOUGALL, CITY ATTORNEY
State Bar No. 197689
275 E. Olive Avenue
Burbank, CA 91502
Tel.: (818) 238-5707
Fax: (818) 238-5724
Email: RAguado@burbankca.gov
Attorneys for Defendants, CITY OF BURBANK,
MANUEL MALDONADO, RASHAAD COLEMAN,
NEIL GUNN, DAVID MEJIA,
and SAM ANDERSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LURING PAIALII,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BURBANK; MANUEL MALDONADO; RASHAAD COLEMAN; N. GUNN; D. MEJIA; S. ANDERSON; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-08890-CAS-PVC<br><br>Assigned to the Hon. Christina A. Snyder<br>Courtroom 8D, 8th Floor<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]**<br><br>Date: May 12, 2025<br>Time: 10:00 a.m.<br>Ctrm: 8D<br><br>Complaint Filed: November 5, 2024<br>Trial Date: TBD |

i

## I. INTRODUCTION

The FAC clearly and repeatedly alleges that prior to and even during Plaintiff's altercation with Maldonado, Gunn, and Coleman, Plaintiff never made any physical threats, did not attempt to make any physical threats, and did not pose a threat to anyone at all. FAC at ¶¶ 31 ("At all relevant times, Mr. Paialii's hands were visibly empty, and he made no physical threats, nor did he attempt to make physical threats[…]"), 35 ("…Mr. Paialii was not moving in any threatening manner and was complying with the officers' commands [] as much as humanly possible…"), 44 ("…DEFENDANT OFFICERS had no information that Mr. Paialii posed any threat of injury to anyone…"), 45 ("…Mr. Paialii posed no imminent threat of bodily harm to Defendant officers or anyone else[…]"), 46 ("[…Mr. Paialii made no physical threats to any officer or anyone else […]"), 91 ("…Mr. Paialii was not an immediate threat of bodily injury to anyone, including DEFENDANTS…"), 101, 108. Plaintiff's counsel's signature on the FAC indicates that Plaintiff's allegations contained therein have evidentiary support and are not being presented for an improper purpose. Fed. R. Civ. P. 11(b)(1) and (3). Yet, Plaintiff now argues that he was "verbally threatening the involved deputies while they [were] trying to detain him," and that the officers were threatened when Plaintiff advanced upon an officer, got in his face, and was "physically resisting and struggling with the deputies while they were attempting to detain [him.]" Dkt. 41 (Plaintiff's Opposition to Motion for Judgment on the Pleadings) at 1:22-24 and 2:3-6. Plaintiff argues that this conduct was captured by bodycams and surveillance cameras and is set forth in written reports that Plaintiff describes in detail. Dkt. 41 at 1:21-2:6.

These new allegations are not contained in the FAC or any judicially noticeable materials, so they cannot be considered in relation to Defendant's Motion for Judgment on the Pleading. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (holding that documents not physically attached to a complaint may only be considered if their authenticity is not contested and the

1

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]

complaint relies on them); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (holding that judgment on the pleadings is improper when a district court goes beyond the pleadings to resolve an issue). If Plaintiff contends that these new allegations overcome the bar created by the *Heck* doctrine, Plaintiff must first amend the FAC to include the newly alleged conduct. However, doing so would completely contradict Plaintiff's existing allegations, including the aforementioned allegations that at all times he did not make physical threats or pose a threat to anyone, that he complied with the officers' commands, that he had not committed any serious crime, and that the officers did not have reasonable suspicion or probable cause to detain and arrest Plaintiff[1].

Defendants maintain that Plaintiff's claims in the Second, Fifth, Sixth, and Seventh causes of action, as currently pled, are barred by the *Heck* doctrine, but to the extent that Plaintiff's new allegations can overcome Defendants' Motion for Judgment on the Pleadings, Defendants request that the Court order Plaintiff to amend the FAC so that Defendants may address those new allegations appropriately.

## II.    ARGUMENT

### A.    Plaintiff's Claims, As Alleged In The FAC, Are Barred By The *Heck* Doctrine.

Defendants assert that Plaintiff's causes of action for Excessive Force, Battery, Negligence, and Violation of the Bane Act are barred by the *Heck* doctrine because Plaintiff's success on those causes of action would necessarily call into question his conviction for violation of Penal Code section 69. Plaintiff's causes of action are all based on an altercation between Plaintiff, Maldonado, Gunn, and Coleman. The altercation began when Maldonado grabbed Plaintiff's arm, continued with Plaintiff struggling against the three officers on the ground, and

---

[1] Moreover, to the extent that Plaintiff's existing allegations are contradicted by evidence that Plaintiff already had access to, they may be in violation of Rule 11.

concluded when the officers handcuffed Plaintiff and stood him up. FAC at ¶¶ 30-39. Plaintiff alleges, in eight separate paragraphs, that prior to the altercation he did not threaten anyone or pose a threat to anyone. FAC at ¶¶ 31, 35, 44, 45, 46, 91, 101, 108. The only alleged conduct that can sustain Plaintiff's conviction was Plaintiff struggling against the officers as they attempted to handcuff and arrest him. FAC at ¶ 32 ("While the three DEFENDANT OFFICERS were on top of Mr. Paialii… [t]here was a struggle to complete the arrest of Mr. Paialii.") In his Opposition, Plaintiff acknowledges that a § 1983 action following a resisting arrest conviction is barred if the conviction was based on resistance to force that the plaintiff now alleges was excessive. Dtk. 41 at 4:25-27. This is consistent with the opinion in *Martell v. Cole*, 115 F.4th 1233, 1238 (9th Cir. 2024), where the court held that "the question is whether the specific act for which the plaintiff was convicted was resistance to the particular use of force the plaintiff alleges was unlawful." It is hard to imagine conduct that is any more directly resistant to Defendants' alleged excessive force than Plaintiff physically struggling against the officers as they attempted to subdue and arrest him.

    By virtue of Plaintiff's conviction, Maldonado's conduct while he attempted to subdue and arrest Plaintiff was lawful, so Plaintiff cannot successfully challenge Maldonado's conduct without invalidating the criminal conviction. Though Plaintiff was not convicted for his conduct towards Gunn and Coleman, Plaintiff's own allegations make clear that Gunn, Coleman, and Mejia worked simultaneously to complete Plaintiff's arrest, so permitting Plaintiff to pursue his claims against those officers would create an unjust result. Plaintiff argues that the *Heck* doctrine should not be applied here because, as in *Hooper v. Cnty. of San Diego*, 629 F.3d 1127 (9th Cir. 2011), the conduct that constituted excessive force occurred after the conduct that substantiated the criminal conviction. However, there are no allegations in the FAC that support Plaintiff's argument. Plaintiff's allegations are that the only time he resisted the officers is when they attempted to arrest him, and after the officers handcuffed Plaintiff, they stood him up and walked him to a

3

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]

patrol unit. FAC at ¶¶ 32, 38 and 39. Accordingly, Plaintiff's claims in the Second, Fifth, Sixth, and Seventh causes of action, as currently pled, are barred by the *Heck* doctrine and must be dismissed as to all defendants.

**B.      Plaintiff's New Allegations Cannot Be Considered Until They Are Included In The Pleadings.**

As mentioned above, Plaintiff's new allegations that he threatened the officers verbally and physically when they were trying to detain him are not set forth in the FAC and are not contained in any judicially noticeable court records. As such, the new allegations cannot be considered in relation to Defendants' Motion for Judgment on the Pleadings. *See Lee*, 250 F.3d at 688; *Hal Roach Studios, Inc.*, 896 F.2d at 1550. To the extent the Court is inclined to consider Plaintiff's new allegations, Defendants request that the Court order Plaintiff to amend the FAC so that Defendants may address the new allegations appropriately.

### III.   CONCLUSION

Based on the foregoing, Defendants City of Burbank, Manuel Maldonado, Rashaad Coleman, Neil Gunn, David Mejia, and Sam Anderson respectfully request that the Court dismiss Plaintiff's Second, Fifth, Sixth, and Seventh Causes of Action as to Defendants, or in the alternative, order Plaintiff to amend the FAC to include Plaintiff's new allegations.

DATED: April 25, 2025                Respectfully submitted,

                                     City Attorney's Office of the City of Burbank

                                     By: _____
                                         Rodolfo Aguado III
                                         Senior Assistant City Attorney
                                         Attorney for Defendants
                                         CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, DAVID MEJIA, and SAM ANDERSON

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2025, my office electronically transmitted the foregoing document to the Clerk's office using the Court's CM/ECF System and thereby served all counsel of record in this matter.

By: */s/ Rodolfo Aguado III*
Rodolfo Aguado III