UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| CATHERINE JEANG | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

N/A  N/A

**Proceedings:** DEFENDANTS' AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 39, filed on April 10, 2025)

## I. INTRODUCTION

On October 15, 2024, plaintiff Luring Paialii ("plaintiff") filed this action. Dkt. 1. On November 4, 2024, plaintiff filed the operative first amended complaint against defendants City of Burbank, Manuel Maldonado, Rashaad Coleman, N. Gunn, D. Mejia, S. Anderson, and Does 1-10 (collectively, "defendants").[1] Dkt. 11 ("FAC"). Plaintiff asserts seven claims for relief: (1) unlawful detention and arrest in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 ("Section 1983"); (2) excessive force in violation of the Fourth Amendment pursuant to Section 1983; (3) denial of medical care in violation of the Fourth Amendment pursuant to Section 1983; (4) false arrest/false imprisonment; (5) battery; (6) negligence; and (7) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1.[2] Id.

On December 12, 2024, defendants filed an answer. Dkt. 23. On April 10, 2025, defendants filed the instant amended motion for judgment on the pleadings. Dkt. 39

---

[1] It appears to the Court that the only alteration between the complaint and the FAC is the spelling of the name of one defendant, who is now referred to as "S. Anderson," as opposed to "M. Anderson" in the complaint. See dkts. 1, 11.

[2] The first, second, and third claims are asserted against defendants Manuel Maldonado, Rashaad Coleman, N. Gunn, D. Mejia, S. Anderson, and Does 1-7. FAC ¶¶ 52-71. The remaining claims are asserted against all defendants. Id. ¶¶ 79-104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

("Mot."). Defendants concurrently filed a request for judicial notice. Dkt. 40 ("RJN"). On April 21, 2025, plaintiff filed an opposition. Dkt. 41 ("Opp."). On April 28, 2025, defendants filed a reply. Dkt. 43 ("Reply").

On May 12, 2025, the Court held a hearing.[3] Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff alleges the following facts in his FAC. Plaintiff is a 23-year old man and resident of Lancaster, California, who worked as a delivery truck driver for an ice cream delivery company in Burbank, California. FAC ¶¶ 6, 17.

Defendant City of Burbank (the "City") is a municipal corporation existing under the laws of California, and is responsible for the actions of its various agencies, including the Burbank Police Department. Id. ¶ 7. At all relevant times, the City was the employer of defendants Manuel Maldonado ("Maldonado"), Rashaad Coleman ("Coleman"), N. Gunn ("Gunn"), D. Mejia ("Mejia"), S. Anderson ("Anderson"), and Does 1-10. Id. Defendants Maldonado, Coleman, Gunn, Mejia, Anderson, and Does 1-7 are officers in the Burbank Police Department. Id. ¶¶ 8-9, 11. Defendants Does 8-10 are managerial, supervisorial, and policymaking employees of the Burbank Police Department. Id. ¶ 10.

On or about the afternoon of September 12, 2023, plaintiff states that he was working his shift while driving an older vehicle, and noticed that the truck was braking abnormally, in hard stops. Id. ¶ 18. Plaintiff believes that his employer received at least one phone call from an unidentified member of the public suggesting that the truck, later identified to be the truck driven by plaintiff, appeared to be having driving issues. Id. ¶ 19. The employer then allegedly called plaintiff to inquire about his deliveries and the driving issues, and plaintiff told his employer that he was almost finished with work and was experiencing trouble with the truck's brakes. Id. According to plaintiff, he and his employer agreed that he should return the truck to the company office. Id. ¶ 20. Plaintiff then alleges that, unbeknownst to him at the time, his employer called 9-1-1 to report

---

[3] At the hearing, defendants' counsel and plaintiff's counsel both submitted on the Court's tentative ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

plaintiff for "possibly driving under the influence," despite having no specific information that plaintiff had consumed substances that would impact his driving. Id.

When plaintiff arrived back at his employer's headquarters and "clocked out" for the day, he alleges that defendants Maldonado, Coleman, and Gunn came into the employee office, while defendant Anderson stood just outside the doorway. Id. ¶ 21. Plaintiff asserts that Maldonado, Coleman, and Gunn told plaintiff that they were there to investigate the "possible D.U.I." 9-1-1 call, and asked plaintiff if he had consumed any drugs or alcohol that day. Id. ¶ 22. According to plaintiff, he "calmly" stated that he had not consumed any substances that day that would affect his driving, but rather, that his assigned truck was old and had experienced braking issues. Id. ¶ 23. Plaintiff alleges that Maldonado, Coleman, and Gunn continued to question him without reading him his Miranda rights, "even though all three officers stood blocking the exit door of the office and would not permit [plaintiff] to leave." Id. ¶¶ 24-25. Plaintiff alleges that he stood up from his chair to give himself more space, which the officers permitted him to do. Id. ¶ 26. Plaintiff states that he then tried to leave the room, as Maldonado, Coleman, and Gunn had not told him that he was being arrested or detained. Id. ¶ 27.

Subsequently, plaintiff alleges that Maldonado and Gunn began to corner plaintiff in the office, and commanded him to turn around and get on the ground. Id. ¶ 28. At the same time, plaintiff states that Coleman drew his taser and pointed it at plaintiff, while yelling, "get on the ground now or you're gonna get tased!" Id. ¶¶ 28-29. Plaintiff next alleges that Maldonado grabbed plaintiff's forearm to initiate an arrest, while Coleman holstered his taser. Id. ¶ 30. Plaintiff alleges that at the same time, Coleman and Gunn grabbed plaintiff's torso and forcibly took him to the ground, breaking a table in the office in the process. Id. Plaintiff states that at all relevant times, his hands were visibly empty, and he did not make or attempt to make any physical threats. Id. ¶ 31.

While Maldonado, Coleman, and Gunn were on top of plaintiff, plaintiff alleges that Maldonado, without warning, grabbed plaintiff's chin with one hand and punched plaintiff's head at least five times with a closed fist. Id. ¶ 32. Plaintiff also asserts that Maldonado kicked him in the side torso, while plaintiff attempted to cover his face from the punches. Id. Next, plaintiff alleges that Coleman, without warning, also struck plaintiff in the face or head multiple times with a closed fist. Id. ¶ 33. Gunn, according to plaintiff, held plaintiff down on the ground and put his arm against plaintiff's throat, while plaintiff continued to try to block his head from Maldonado's punches. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

Plaintiff states that Maldonado then repositioned himself to be on top of plaintiff's torso and pinned plaintiff down with Maldonado's body weight. Id. ¶ 34. Simultaneously, plaintiff alleges that Coleman unholstered his taser and deployed it into plaintiff's thigh, without warning. Id. Plaintiff states that he "screamed in pain" and his body tensed and seized up. Id. Plaintiff then states that Coleman tased him again and ordered him to turn onto his stomach. Id. Next, plaintiff alleges that Coleman tased him a third time, even though plaintiff was complying with the officers' commands to the best of his ability. Id. ¶ 35. Plaintiff states that Maldonado and Gunn then rolled plaintiff onto his side and began to handcuff him. Id.

Plaintiff asserts that subsequently, defendant Mejia entered the office and effected plaintiff's arrest with Maldonado, Gunn, and Coleman. Id. ¶ 36. Plaintiff states that Mejia held his arm and torso down while Maldonado, Coleman, and Gunn handcuffed him. Id. At all relevant times, plaintiff alleges that defendant Anderson was aware of Maldonado, Coleman, Gunn, and Mejia's detention, arrest, and use of excessive force against plaintiff, had an opportunity to intervene, and failed to take reasonable steps to do so. Id. ¶ 37. According to plaintiff, as he was handcuffed, approximately five more Doe officers entered the office and surrounded him, while Maldonado continuously forced plaintiff's hand to be bent at the wrist, causing plaintiff to "cr[y] out in pain." Id. ¶ 38. Next, plaintiff alleges that Maldonado, Coleman, Gunn, Mejia, and the Doe officers stood plaintiff up, walked him outside, and put him in the patrol unit. Id. ¶ 39. Plaintiff states that he was not checked by any medical care provider and no medical personnel were summoned to the scene, even though his face was bleeding and swollen, his leg bled where he was tased, and he was in pain from other sustained injuries. Id. ¶¶ 39-40.

Plaintiff states that Maldonado, Coleman, Gunn, Mejia, and Anderson were not separate from each other prior to providing their use of force statements. Id. ¶ 41. Plaintiff states that defendants did not have reasonable suspicion or probable cause to detain or arrest him and that they had no information that plaintiff posed a threat of injury to anyone. Id. ¶¶ 42-45. Plaintiff asserts that he made no physical threats to any officer or anyone else, and that defendants could observe that he did not have any weapons. Id. ¶¶ 46-47. As a result of defendants' conduct, plaintiff alleges that he suffered significant injuries, including scrapes and bruises to his face, head, collarbone, and shoulders—some of which continue to persist one year after the incident. Id. ¶ 50. Further, plaintiff states that he suffers continued anguish and distress from memories of the beating. Id. ¶ 51.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

### III. LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). Such a motion may be brought "after the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). Accordingly, while the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a Rule 12(c) motion, as with a 12(b)(6) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. For purposes of a Rule 12(c) motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1368 (3d ed. 2004).

Unless a court converts a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment, a court generally cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV.  DISCUSSION

Defendants move for judgment on the pleadings as to plaintiff's second, fifth, sixth, and seventh claims, arguing that they are barred by Heck v. Humphrey, 512 U.S. 477, 490 (1994).[4] Mot. at 2. Defendants argue that plaintiff's success on these claims would necessarily call into question his conviction for violation of Cal. Penal Code § 69(a) ("Section 69"), relying on documents in their request for judicial notice showing plaintiff's *nolo contendere* plea on February 7, 2024. Id. at 5. Defendants assert that this is "especially pertinent" for violations of Section 69, which requires that an officer was acting lawfully at the time they were subject to threats of violence or violence. Id. According to defendants, the alleged unlawful conduct of the officers that constituted excessive force in the FAC stems from the same altercation that led to plaintiff's conviction, and plaintiff's conviction shows that the officers were acting lawfully at this time. Id. at 7. Therefore, defendants argue that plaintiff's excessive force claim is barred by Heck. Id. Defendants assert that the same analysis applies to plaintiff's state law claims because the California Supreme Court has also applied the Heck bar. Id. at 8. Finally, defendants dispute any argument from plaintiff that he was convicted only based on his conduct toward Maldonado, not toward the other defendants. Id.

---

[4] Because defendants assert that plaintiff agreed to dismiss his first, third, and fourth claims during the meet-and-confer process, see Mot. at 3, defendants' motion would dispose of plaintiff's FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

    In opposition, plaintiff argues that the factual basis for plaintiff's civil suit will only involve Maldonado, Coleman, Gunn, Mejia, and Anderson's alleged conduct after and including taking plaintiff "forcefully… down to the ground." Opp. at 2. Plaintiff "hereby voluntarily dismisses and disavows any force used against him" by defendants prior to this moment. Id. at 1. According to plaintiff, the events prior to plaintiff being taken down to the ground are sufficient to satisfy the elements of his Section 69(a) conviction, including: plaintiff verbally threatening the deputies, advancing toward one of them, and yelling not to touch him, while the deputies grabbed onto plaintiff's arms and torso. Id. at 1-2. Plaintiff states that this conduct is captured on body cameras, surveillance video, and in the deputies' reports. Id. at 2. Therefore, the factual basis for plaintiff's civil suit is separate and apart from the factual basis for the plea, because the former will only involve the deputies' taking plaintiff down to the ground and "repeatedly punching [] and tasing him multiple times, all while he was down on the ground." Id. Alternatively, plaintiff appears to argue that because the plea agreement does not specify the factual basis for plaintiff's conviction, success on the Section 1983 claim would not necessarily invalidate his conviction, because the factual basis for the conviction is unclear. Id. at 6. If the Court is inclined to grant defendants' motion, plaintiff seeks leave to amend. Id. at 8.

    In reply, defendants argue that in the FAC, plaintiff alleges repeatedly that prior to the altercation, he did not threaten anyone or pose a threat to anyone. Reply at 3. Therefore, according to defendants, the only conduct alleged in the FAC that can sustain plaintiff's conviction was plaintiff's act of struggling against the officers as they attempted to arrest him. Id. Defendants assert that this makes it clear that plaintiff's claims are barred by Heck because, by virtue of plaintiff's conviction, Maldonado's conduct while he attempted to arrest plaintiff was lawful, so plaintiff cannot challenge it without invalidating the criminal conviction. Id. While plaintiff asserts in his opposition that the conduct that constituted excessive force occurred after the conduct that substantiated the criminal conviction, defendants state that "there are no allegations in the FAC that support [p]laintiff's argument." Id. If the Court is inclined to consider plaintiff's new allegations, defendants argue that plaintiff should amend the FAC so defendants can address them appropriately. Id. at 4.

    As an initial matter, the Court takes judicial notice of three exhibits proffered by defendants: the felony complaint filed in Los Angeles County Superior Court against plaintiff on September 14, 2023; the minute order filed in plaintiff's criminal case on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

February 7, 2024, in which the Los Angeles County Superior Court accepted his *nolo contendere* plea to a Section 69 misdemeanor charge and found him guilty; and the Misdemeanor Advisement of Rights, Waiver, and Plea Form filed in plaintiff's criminal case on February 7, 2024. RJN, Ex. 1-3. These are records from a state court action, and the Court "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746, fn. 6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)). The Court therefore takes judicial notice of the fact that on February 7, 2024, plaintiff entered a plea of *nolo contendere* to a misdemeanor charge of the first count asserted against him pursuant to Section 69. RJN, Ex. 2 at 2. The minute order states that the Los Angeles County Superior Court "finds there is a factual basis for the Defendant's plea," "accepts the plea," and "finds the Defendant guilty." Id.

On this record, the Court finds that the FAC must be dismissed for failure to provide fair notice to defendants of the factual basis of plaintiff's claims. Federal Rule of Civil Procedure 8 ("Rule 8") requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Here, plaintiff's opposition brief asserts different facts than those currently alleged in the FAC. Compare Opp. at 6 ("The officers' body cam videos capture the [p]laintiff verbally threaten to slap the involved officers if they touch him, while the officers are attempting to detain the [p]laintiff. The videos also appear to show [p]laintiff physically resisting when the officers initially grab the plaintiff and the involved officers allege that they were threatened by this physical resistance during the initial struggle."), with FAC ¶¶ 35, 45-46 ("[Plaintiff] was not moving in any threatening manner and was complying with the officers' commands as much as humanly possible… At all relevant times, [plaintiff] posed no imminent threat of bodily harm to Defendant officers or anyone else… [and] made no physical threats to any officer or anyone else."). Plaintiff argues that his claims are not Heck barred, when limited to actions that took place when plaintiff was no longer standing. However, the facts that plaintiff relies upon to make this argument are not currently pled in his FAC, and on a motion for judgment on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

pleadings, the Court can only consider the pleadings and judicially noticeable materials. See Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal [and therefore a Rule 12(c) dismissal], a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Accordingly, examining only the FAC, plaintiff alleges that he complied with Maldonado, Gunn, Coleman, Mejia, and Anderson's commands, did not move in a threatening manner, made no physical threats, and posed no threat of imminent bodily harm. See FAC ¶¶ 35, 45-46. The judicially noticed state court records, however, show that plaintiff pled *nolo contendere* to the following misdemeanor charge pursuant to Section 69: "[Plaintiff] did unlawfully attempt by means of threats and violence to deter and prevent MANUEL MALDONADO, who was then and there an executive officer, from performing a duty imposed upon such officer by law, and did knowingly resist by the use of force and violence said executive officer in the performance of his/her duty." RJN, Ex. 1 at 1, Ex. 2 at 2. The plea agreement also demonstrates that, at the time of plaintiff's offense, Maldonado was acting lawfully. See People v. Wilkins, 14 Cal. App. 4th 761, 776 (1993) ("[V]iolation of section 69… require[s] as an element that the officer at the time of the offense be engaged in the lawful performance of his duties.").

On this record, it is not clear when or how plaintiff used threats and violence against or resisted Maldonado, and it is not clear which uses of alleged force form the basis of plaintiff's claims. It is thus not possible to determine if plaintiff's second, fifth, sixth, and seventh claims are Heck barred. This is because, pursuant to Heck, the Court must examine "whether the specific act for which the plaintiff was convicted was resistance to the particular use of force the plaintiff alleges was unlawful." Martell v. Cole, 115 F.4th 1233, 1238 (9th Cir. 2024). "When the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea." Lemos v. Cnty. of Sonoma, 40 F.4th 1002, 1006 (9th Cir. 2022). "If the alleged excessive force occurred *before* or *after* the acts that form the basis of the [ ] violation, even if part of one continuous transaction, the § 1983 claim doesn't necessarily imply the invalidity of [a] criminal conviction." Sanders v. City of Pittsburg, 14 F.4th 968, 971 (9th Cir. 2021). If "the factual predicate of [the plaintiff's] conviction is not clear from the record and the conviction could have been based on an act of resistance… different from [] plaintiff's conduct during the allegedly unlawful use of force," the claim will not be barred by Heck, because "a judgment in the plaintiff's favor in the § 1983 action would not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08890-CAS-PVC | Date | May 12, 2025 |
|---|---|---|---|
| Title | Luring Paialii v. City of Burbank et al | | |

'necessarily imply the invalidity of [the] conviction.'" Martell, 115 F.4th 1233 at 1240-41. On the present state of the pleadings, the Court cannot make these determinations.

Plaintiff attempts to allege new and different facts in his opposition brief to demonstrate the effect of the plea agreement on his claims. However, for the Court to consider these allegations, plaintiff must assert them in an amended complaint, not an opposition brief. Accordingly, the Court grants defendants' motion and grants plaintiff leave to amend his complaint.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendants' motion. The Court **GRANTS** plaintiff leave to file an amended complaint by May 27, 2025.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | CMJ |