1   RODOLFO AGUADO III, SR. ASST. CITY ATTY.
    State Bar No. 310699
2   JOSEPH MCDOUGALL, CITY ATTORNEY
    State Bar No. 197689
3   275 E. Olive Avenue
    Burbank, CA 91502
4   Tel.: (818) 238-5707
    Fax: (818) 238-5724
5   Email: RAguado@burbankca.gov
    Attorneys for Defendants, CITY OF BURBANK,
6   MANUEL MALDONADO, RASHAAD COLEMAN,
    NEIL GUNN, and DAVID MEJIA,
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  LURING PAIALII,                    )  Case No.: 2:24-cv-08890-CAS-PVC
                                       )
12              Plaintiff,             )  Assigned to the Hon. Christina A.
                                       )  Snyder
13      v.                             )  Courtroom 8D, 8th Floor
                                       )
14  CITY OF BURBANK; MANUEL            )  **DEFENDANTS CITY OF**
    MALDONADO; RASHAAD                 )  **BURBANK, MANUEL**
15  COLEMAN; N. GUNN; D. MEJIA;        )  **MALDONADO, RASHAAD**
    and DOES 1 through 10, inclusive,  )  **COLEMAN, NEIL GUNN, AND**
16                                     )  **DAVID MEJIA'S ANSWER TO**
                                       )  **SECOND AMENDED**
17              Defendants.            )  **COMPLAINT; DEMAND FOR**
                                       )  **JURY TRIAL**
18                                     )
                                       )
19                                     )  Complaint Filed: October 15, 2024
                                       )  Trial Date: April 7, 2026
20  _____   )

21

22

23

24

25

26

27

28
                                    1

Defendants City of Burbank ("City") and Manuel Maldonado
("Maldonado"), Rashaad Coleman ("Coleman"), Neil Gunn ("Gunn"), and David
Mejia ("Mejia", collectively "Answering Defendants") respond to Plaintiff Luring
Paialii's ("Plaintiff") Second Amended Complaint ("SAC") as follows:

1.     In response to paragraph 1, admitted.

2.     In response to paragraph 2, Answering Defendants admit that the
incidents, events, and occurrences that allegedly give rise to Plaintiff's action
occurred in the City, which is in the territorial jurisdiction of the Central District of
California and that on that basis, venue lies in this court.

3.     In response to paragraph 3, Answering Defendants admit that
Coleman, Maldonado, Gunn, and Mejia interacted with Plaintiff on September 12,
2023. Answering Defendants deny that they violated Plaintiff's rights or engaged
in any unlawful conduct. Except as herein admitted, Answering Defendants lack
sufficient information to admit the allegations of paragraph 3 and on that basis,
deny the allegations of paragraph 3.

4.     In response to paragraph 4, denied.

5.     In response to paragraph 5, Answer Defendants deny that Coleman,
Maldonado, Gunn, and Mejia engaged in excessive force, violated civil rights, or
that the policies and customs of the Burbank Police Department ("BDP") are
unconstitutional.

6.     In response to paragraph 6, Answering Defendants lack sufficient
information to admit the allegations and on that basis, deny the allegations.

7.     In response to paragraph 7, Answering Defendants admit that the City
is a municipal corporation existing under the laws of the State of California and is
a chartered subdivision with the capacity to be sued. Answering Defendants admit
that the City, through BPD, was the employer of Maldonado, Coleman, Gunn, and
Mejia. Except as herein admitted, Answering Defendants lack sufficient

2

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN,
NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL

information to admit the allegations of paragraph 7 and on that basis, deny the allegations of paragraph 7.

8.     In response to paragraph 8, Answering Defendants admit that Maldonado, Coleman, Gunn, and Mejia are sworn police officers with the BPD, and at all times complained of in this action were acting under the color of state law and in the course and scope of their employment with the City. Except as herein admitted, Answering Defendants deny the remaining allegations of paragraph 8.

9.     In response to paragraph 9, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

10.     In response to paragraph 10, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

11.     In response to paragraph 11, admitted.

12.     In response to paragraph 12, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

13.     In response to paragraph 13, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

14.     In response to paragraph 14, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

15.     In response to paragraph 15, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

16.     In response to paragraph 16, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 15 of the SAC in paragraph 16, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 15 set forth herein.

17.     In response to paragraph 17, admitted.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

18.    In response to paragraph 18, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

19.    In response to paragraph 19, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

20.    In response to paragraph 20, Answering Defendants admit that on September 12, 2023, BPD received a report that an employee at 231 West Olive Avenue, Burbank, California was possibly driving under the influence. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 20 and on that basis, deny the allegations of paragraph 20.

21.    In response to paragraph 21, Answering Defendants admit that on September 12, 2023, Maldonado, Coleman, Gunn, and Mejia responded to 231 West Olive Avenue, Burbank, California and encountered Plaintiff while he was in an office at that location. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 21 and on that basis, deny the allegations of paragraph 21.

22.    In response to paragraph 22, Answering Defendants admit that on September 12, 2023, Maldonado, Coleman, and Gunn interacted with Plaintiff as part of their investigation of an employee possibly driving under the influence. Answering Defendants admit that Maldonado and Coleman asked Plaintiff whether he had consumed any intoxicating substances that day. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 21 and on that basis, deny the allegations of paragraph 21.

23.    In response to paragraph 23, Answering Defendants admit that Plaintiff stated that he had not consumed any intoxicating substances. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 23 and on that basis, deny the allegations of paragraph 23.

4

24.     In response to paragraph 24, Answering Defendants admit that Coleman and Maldonado did not advise Plaintiff whether he was being detained or arrested for a particular offense at the time they were asking him if he had consumed any intoxicating substances. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 24 and on that basis, deny the allegations of paragraph 24.

25.     In response to paragraph 25, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

26.     In response to paragraph 26, Answering Defendants admit that Coleman and Maldonado did not mirandize Plaintiff at the time they were asking him if he had consumed any intoxicating substances. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 26 and on that basis, deny the allegations of paragraph 26.

27.     In response to paragraph 27, Answering Defendants admit that Maldonado and Coleman approached Plaintiff, that Plaintiff backed into a corner, that Maldonado and Coleman ordered Plaintiff to turn around, and that Coleman drew his TASER and pointed it at Plaintiff at that time. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 27 and on that basis, deny the allegations of paragraph 27.

28.     In response to paragraph 28, Answering Defendants admit that Coleman yelled at Plaintiff to get on the ground or that he would be "tased". Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 28 and on that basis, deny the allegations of paragraph 28.

29.     In response to paragraph 29, Answering Defendants admit that Plaintiff verbally and physically threatened the officers while they were trying to detain him. Answering Defendants also admit that Plaintiff physically resisted the

5

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1    officers and struggled against their efforts to detain and arrest him. Except as

2    herein admitted, Answering Defendants lack sufficient information to admit the

3    allegations of paragraph 29 and on that basis, deny the allegations of paragraph 29.

4        30.    In response to paragraph 30, Answering Defendants admit that

5    Maldonado pushed Plaintiff's arm, that an altercation between Plaintiff,

6    Maldonado, Coleman, and Gunn ensued, that Coleman holstered his TASER, and

7    that Plaintiff, Maldonado, and Gunn fell to the ground and broke a table. Except as

8    herein admitted, Answering Defendants lack sufficient information to admit the

9    allegations of paragraph 30 and on that basis, deny the allegations of paragraph 30.

10       31.    In response to paragraph 31, Answering Defendants admit that

11   Plaintiff's hands were visibly empty when Plaintiff was seated and Maldonado and

12   Coleman began questioning him. Except as herein admitted, Answering

13   Defendants deny the allegations of paragraph 31.

14       32.    In response to paragraph 32, Answering Defendants admit that

15   Maldonado grabbed Plaintiff's chin and punched Plaintiff with a closed-fist during

16   the altercation, but that Plaintiff blocked Maldonado's punches. Answering

17   Defendants admit that Maldonado also kneed Plaintiff's torso during the

18   altercation. Except as herein admitted, Answering Defendants lack sufficient

19   information to admit the allegations of paragraph 32 and on that basis, deny the

20   allegations of paragraph 32.

21       33.    In response to paragraph 33, Answering Defendants admit that Gunn

22   held Plaintiff down during the altercation and that Plaintiff blocked Maldonado's

23   punches. Except as herein admitted, Answering Defendants lack sufficient

24   information to admit the allegations of paragraph 33 and on that basis, deny the

25   allegations of paragraph 33.

26       34.    In response to paragraph 34, Answering Defendants admit that during

27   the altercation, Coleman deployed his TASER in Plaintiff's thigh and ordered

28

6

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Plaintiff to turn to his stomach. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 34 and on that basis, deny the allegations of paragraph 34.

35.    In response to paragraph 35, Answering Defendants admit that during the altercation, Coleman deployed his TASER in Plaintiff's thigh a third time and that Maldonado and Gunn were able, at that time, to handcuff Plaintiff. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 35 and on that basis, deny the allegations of paragraph 35.

36.    In response to paragraph 36, Answering Defendants admit that Mejia assisted Maldonado and Gunn in handcuffing Plaintiff by holding Plaintiff's arm. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 36 and on that basis, deny the allegations of paragraph 36.

37.    In response to paragraph 37, Answering Defendants admit that at least five other BPD officers responded to 231 West Olive Avenue, Burbank, California on September 12, 2023. Except as herein admitted, Answering Defendants lack sufficient information to admit the allegations of paragraph 37 and on that basis, deny the allegations of paragraph 37.

38.    In response to paragraph 38, Answering Defendants deny that Maldonado, Coleman, or Gunn stood Plaintiff up or walked him to a patrol unit. Answering Defendants admit that Plaintiff was not evaluated by a paramedic immediately before being placed in a patrol unit. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 38 and on that basis, deny the allegations of paragraph 38.

39.    In response to paragraph 39, denied.

40.    In response to paragraph 40, denied.

41.    In response to paragraph 41, denied.

7

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

42.     In response to paragraph 42, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

43.     In response to paragraph 43, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

44.     In response to paragraph 44, Answering Defendants admit that on February 7, 2024, Plaintiff pled no contest to a violation of Penal Code section 69. Answering Defendants admit that Plaintiff verbally and physically threatened the officers while they were trying to detain him. Answering Defendants also admit that Plaintiff physically resisted the officers and struggled against their efforts to detain and arrest him. Answering Defendants admit that they grabbed Plaintiff's arms and torso and that Maldonado, Gunn, and Coleman tackled Plaintiff to the ground.  Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 44 and on that basis, deny the allegations of paragraph 44.

45.     In response to paragraph 45, Answering Defendants deny that they used excessive force against Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 45 and on that basis, deny the allegations of paragraph 45.

46.     In response to paragraph 46, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

47.     In response to paragraph 47, Answering Defendants deny that they used excessive force against Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 47 and on that basis, deny the allegations of paragraph 47.

48.     In response to paragraph 48, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 47 of the SAC in paragraph 48, Answering

8

Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 47 set forth herein.

49.    In response to paragraph 49, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 49 and on that basis, deny the allegations of paragraph 49.

50.    In response to paragraph 50, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 50 and on that basis, deny the allegations of paragraph 50.

51.    In response to paragraph 51, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 51 and on that basis, deny the allegations of paragraph 51.

52.    In response to paragraph 52, Answering Defendants deny that they are liable for Plaintiff's injuries. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 52 and on that basis, deny the allegations of paragraph 52.

53.    In response to paragraph 53, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 53 and on that basis, deny the allegations of paragraph 53.

54.    In response to paragraph 54, Answering Defendants deny that Maldonado, Coleman, Gunn, or Mejia acted in a manner that was wanton, malicious, or done with reckless disregard for the rights or safety of Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient

9

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

information to admit the allegations of paragraph 54 and on that basis, deny the allegations of paragraph 54.

55.     In response to paragraph 55, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

56.     In response to paragraph 56, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

57.     In response to paragraph 57, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 56 of the SAC in paragraph 57, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 57 set forth herein.

58.     In response to paragraph 58, Answering Defendants admit that Maldonado, Coleman, Gunn, and Mejia were acting under the color of state law and in the course and scope of their employment with the City at the times complained of in the SAC. Answering Defendants deny that the conduct of Maldonado, Coleman, Gunn, and Mejia was without legal justification or was unreasonable under the circumstances. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 58 and on that basis, deny the allegations of paragraph 58.

59.     In response to paragraph 59, denied.

60.     In response to paragraph 60, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 60 and on that basis, deny the allegations of paragraph 60.

61.     In response to paragraph 61, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 61 and on that basis, deny the allegations of paragraph 61.

10

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

62.    In response to paragraph 62, Answering Defendants deny that their conduct was oppressive, wanton, malicious, and done with conscious disregard for the rights of Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 62 and on that basis, deny the allegations of paragraph 62.

63.    In response to paragraph 63, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

64.    In response to paragraph 64, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 63 of the SAC in paragraph 64, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 63 set forth herein.

65.    In response to paragraph 65, admitted.

66.    In response to paragraph 66, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

67.    In response to paragraph 67, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 67 and on that basis, deny the allegations of paragraph 67.

68.    In response to paragraph 68, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

69.    In response to paragraph 69, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 69 and on that basis, deny the allegations of paragraph 69.

70.    In response to paragraph 70, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

71.    In response to paragraph 71, to the extent Plaintiff re-alleges and incorporates paragraphs 1 through 70 of the SAC in paragraph 71, Answering Defendants incorporate by reference to and repeat their answers to paragraphs 1 through 70 set forth herein.

72.    In response to paragraph 72, admitted.

73.    In response to paragraph 73, Answering Defendants admit that Maldonado, Coleman, Gunn, and Mejia were acting under the color of state law and in the course and scope of their employment with the City at the times complained of in the SAC. Answering Defendants deny that the conduct of Maldonado, Coleman, Gunn, and Mejia was committed in reckless disregard for Plaintiff's rights, was without legal justification or excuse, or was done to prevent Plaintiff from exercising his rights or in retaliation for Plaintiff exercising his rights. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 73 and on that basis, deny the allegations of paragraph 73.

74.    In response to paragraph 74, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 74 and on that basis, deny the allegations of paragraph 74.

75.    In response to paragraph 75, Answering Defendants admit on September 12, 2023, during the altercation between Plaintiff, Maldonado, Gunn, and Coleman, Maldonado punched Plaintiff and Coleman deployed his TASER on Plaintiff's thigh. Answering Defendants deny that Plaintiff did not present a threat to the officers or others. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 75 and on that basis, deny the allegations of paragraph 75.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

76.    In response to paragraph 76, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 76 and on that basis, deny the allegations of paragraph 76.

77.    In response to paragraph 77, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

78.    In response to paragraph 78, denied as to Answering Defendants. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 78 and on that basis, deny the allegations of paragraph 78.

79.    In response to paragraph 79, Answering Defendants deny that their conduct was oppressive, wanton, malicious, and done with conscious disregard for the rights of Plaintiff. Except as herein admitted or denied, Answering Defendants lack sufficient information to admit the allegations of paragraph 79 and on that basis, deny the allegations of paragraph 79.

80.    In response to paragraph 80, Answering Defendants lack sufficient information to admit the allegations and on that basis, deny the allegations.

81.    In response to Plaintiff's Prayer for Relief against Answering Defendants, Plaintiff has not stated facts sufficient to constitute any cause of action against Answering Defendants and therefore Plaintiff is not entitled to any of the relief requested, including general damages, litigation expenses, attorney's fees, interest, or any other remedies.

## **AFFIRMATIVE DEFENSES**

82.    Answering Defendants allege the following separate and distinct affirmative defenses to the SAC.  These affirmative defenses are not intended to be, nor should they be construed as, an admission of any fact or allegations in the SAC and/or any other action.

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1

### FIRST AFFIRMATIVE DEFENSE

83.    Plaintiff has failed to state a claim against Answering Defendants in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978), including the existence of any supposed policy, custom, practice, or procedure that would support such a claim.

### SECOND AFFIRMATIVE DEFENSE

84.    Plaintiff has failed to state a claim against Answering Defendants under 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

85.    Plaintiff has failed to state a claim for Battery against Answering Defendants under state law.

### FOURTH AFFIRMATIVE DEFENSE

86.    Plaintiff has failed to state a claim for Negligence against Answering Defendants under state law.

### FIFTH AFFIRMATIVE DEFENSE

87.    Plaintiff has failed to state a claim for Violation of Bane Act against Answering Defendants under state law.

### SIXTH AFFIRMATIVE DEFENSE

88.    Notwithstanding that Answering Defendants deny that Plaintiff was subjected to any deprivation of his constitutional rights as alleged in the SAC, it is affirmatively alleged that the actionable facts giving rise to any such allegedly improper action do not rise to the level of a constitutional deprivation.

### SEVENTH AFFIRMATIVE DEFENSE

89.    Plaintiff's causes of action, and each of them, are barred by the *Heck* doctrine.

/ /

14

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## EIGHTH AFFIRMATIVE DEFENSE

90.     Plaintiff has failed to allege sufficient facts to support an award of attorney's fees and costs against Answering Defendants on any basis.

## NINTH AFFIRMATIVE DEFENSE

91.     The SAC is barred by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

92.     Plaintiff's causes of action, and each of them, are barred by the privileged and immunities applicable to public agencies and employees, including but not limited to the doctrine of qualified immunity and those set forth in California Government Code sections 815, 815.2, 815.6, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821, and 822.2.

## ELEVENTH AFFIRMATIVE DEFENSE

93.     Answering Defendants allege that they may rely upon any and all further defenses which become available or appear at a later time in this action and hereby specifically reserve their right to amend their Answer, as of right or with leave of Court, for the purpose of asserting additional defenses.

/ /

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Answering Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by his SAC;

2.    That Answering Defendants recover their costs of suit incurred herein, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

3.    For such other and further relief as the Court deems just and proper.

DATED:  June 3, 2025              Respectfully submitted,

City Attorney's Office of the City of Burbank

By: _____

Rodolfo Aguado III
Senior Assistant City Attorney
Attorney for Defendants
CITY OF BURBANK, MANUEL
MALDONADO, RASHAAD
COLEMAN, NEIL GUNN, and
DAVID MEJIA

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

# **DEMAND FOR JURY TRIAL**

Defendants City of Burbank ("City") and Manuel Maldonado ("Maldonado"), Rashaad Coleman ("Coleman"), Neil Gunn ("Gunn"), and David Mejia ("Mejia", collectively "Answering Defendants") hereby request a trial by jury on all issues triable by jury, as provided by Federal Rule of Civil Procedure, Rule 38(a) and (b).

DATED:  June 3, 2025

Respectfully submitted,

City Attorney's Office of the City of Burbank

By: _____

Rodolfo Aguado III
Senior Assistant City Attorney
Attorney for Defendants
CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, and DAVID MEJIA

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2025, my office electronically transmitted the foregoing document to the Clerk's office using the Court's CM/ECF System and thereby served all counsel of record in this matter.

By:   */s/ Rodolfo Aguado III*
       Rodolfo Aguado III

---

18

DEFENDANTS CITY OF BURBANK, MANUEL MALDONADO, RASHAAD COLEMAN, NEIL GUNN, AND DAVID MEJIA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL